Turner, J.
 

 The Attorney General challenges the jurisdiction of the Board of Tax Appeals under Section 5570-1, General Code, to consider the application' for exemption for the reason that there is no certificate or affidavit executed by the county treasurer certifying that the' taxes, assessments, penalties and interest levied and assessed against the property sought to be exempted had been paid in full to the date upon which the application for exemption is filed.
 

 The application for exemption is filed under Section 5349, General Code, and in respect of such section, Section 5570-1, General Code, provides in part:
 

 “* # * The Board of Tax Appeals shall not consider an application for exemption of property under any of the sections enumerated herein unless the application has attached thereto a certificate or affidavit executed by the county treasurer certifying that taxes, assessments, penalties and interest levied and assessed against the property sought to be exempted had been paid in full to the date upon which the application for ■exemption is filed.
 

 “Provided, however, that taxes, penalties and interest which have accrued after.the property began its use for the exempt purpose but in no case prior to the daté of acquisition of the title to said property by ap
 
 *567
 
 plicant, may be remitted by tbe county auditor, with tbe consent of the Board of Tax Appeals.”
 

 Section 1464-1, General Code, provides in part as follows:
 

 “Tbe Board of Tax Appeals shall exercise tbe following powers and perform tbe following duties of tbe Department of Taxation: * * *
 

 “8. To adopt, and to promulgate in tbe manner provided by this act, all rules of tbe Department of Taxation relating to tbe procedure of tbe board in administering tbe laws which it has tbe authority or duty to administer, and to tbe procedure of officers or employees of tbe department whom tbe board may appoint.”
 

 Form 23 of tbe Board of Tax Appeals of tbe Department of Taxation of Ohio (which is tbe form used in this case) in respect of tbe treasurer’s certificate contains tbe following instruction:
 

 “In tbe event tbe exemptable [sic] use of tbe premises herein described began in a year prior to that in which this application is filed, this certificate need not be signed and a separate application' for remission of taxes and penalties from tbe date of acquisition and use to tbe present date should be filed.”
 

 Tbe premises in question were acquired by appellant in 1928.
 

 Tbe record shows that tbe taxes have been paid up to and including tbe 1940 taxes but were delinquent for tbe 1941 taxes with a penalty on tbe first half of 1941.
 

 Under tbe above quoted proviso of Section 5570-1, General Code, these taxes may be remitted by the county auditor with tbe consent of tbe Board of Tax Appeals if it be found that tbe premises in question were being used on tax lien day 1941 for an exempt purpose.
 

 As tbe county auditor had refused exemption in 1928 and in tbe application for exemption here under con
 
 *568
 
 sideration had declined to make any recommendation for or against the exemption, the orderly procedure would necessarily be to have the right of exemption determined prior to the application to the county auditor' for remission of the unpaid taxes. If the Board of Tax Appeals consents to the exemption it would be unnecessary to require the unpaid taxes to be paid and then refunded. The record discloses no unpaid assessments.
 

 Under the circumstances of this case, we hold that the Board of Tax Appeals had jurisdiction to consider" the application for exemption.
 

 The record discloses that appellant is an institution used exclusively for charitable purposes within the meaning of Section 2 of Article XII of the Constitution. See
 
 Gerke, Treas.,
 
 v.
 
 Purcell,
 
 25 Ohio St., 229. However, as pointed out in
 
 Wehrle Foundation
 
 v.
 
 Evatt, Tax Commr., ante,
 
 467, the extent to which the General Assembly has acted under the Constitution is to exempt
 
 property
 
 belonging to an institution provided such property is
 
 used
 
 exclusively for charitable purposes. In respect of this property appellant’s president testified that it was acquired January 24, 1928; that except for a small house it was vacant property; that there was no stipulated revenue derived from it; that the reason for acquiring the property was that at that time appellant hoped to build a mother house and high school for girls; and that as soon as possible for appellant to do so it is still intended to build a high school and mother house there.
 

 Appellant claims exemption by virtue of Section 5349, General Code, which provides in part as follows:
 

 “ * * * public colleges and academies and all buildings connected therewith, and all lands connected with public institutions of learning, not used with a view to profit, shall be exempt from taxation.”
 

 In the instant case there is no such present use. Use must be read into any statute enacted prior to the
 
 *569
 
 amendment of Section 2 of Article XII, effective January 1, 1931. Compare
 
 Columbus Metropolitan Housing Authority
 
 v.
 
 Thatcher, Aud.,
 
 140 Ohio St., 38, 43, 42 N. E. (2d), 437.
 

 Whether appellant’s claimed exemption comes under Section 5349, General Code, as contended by appellant or under Section 5353 as suggested by appellee, the test is the same,
 
 vis.,
 
 the present use.
 

 Appellant relies upon two propositions:
 

 (1) The law here applicable was settled by the case of
 
 Kenyon College
 
 v.
 
 Schnebly, Treas.,
 
 12 C. C. (N. S.), 1, 21 C. D., 150, affirmed without opinion,
 
 Schnebly, Treas.,
 
 v.
 
 Kenyon College,
 
 81 Ohio St., 514, 91 N. E., 1138.
 

 That case was decided in 1909, the facts of course arising prior to the 1912 amendment of Section 2 of Article XII of the Constitution. In the case of
 
 Jones, Treas.,
 
 v.
 
 Conn et al., Trustees,
 
 116 Ohio St., 1, 10, 155 N. E., 791, Judge Allen pointed out that the 1912 amendment changed the emphasis from ownership of property to the manner of its use. However, in the
 
 Kenyon College case, use
 
 was made a test of the right to exemption as shown by the first branch of the syllabus and the language of the opinion.
 

 (2) Appellant’s second reliance is the amendment adopted following the joint resolution of the General Assembly of March 19, 1929 (113 Ohio Laws, 790). By this amendment there was incorporated in Section 2 of Article XII the following language, effective January 1, 1931:
 

 “and, without limiting the general power, subject to the provisions of Article I of this Constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt * .*
 

 It is the contention of appellant that by virtue of this amendment the power of the General Assembly in respect of exemptions has been restored to what it
 
 *570
 
 was under the Constitution of 1803, to wit: Without restriction (except as to the specific restrictions contained in the section). For this position appellant relies upon the case of
 
 S0ate, ex rel. Struble,
 
 v.
 
 Davis,
 
 132 Ohio St., 555, 9 N. E. (2d), 684, in which it was-said by Judge Matthias (page 560):
 

 “As amended, the Constitution itself now provides-that the enumeration of certain classes of property which may be exempted does not take away or limit-authority of the Legislature to make other exemptions.”
 

 However, the effect of the fourth paragraph of the-syllabus of that case should not be overlooked} to wit:
 

 “4. The provisions of House Bill 674, passed July 1, 1933, and Amended Senate Bill 23, passed March 5, 1935, insofar as they provide for the exemption of taxes, the assessment of which had been completed at the time such acts respectively became laws, are violative of the provisions of Section 28 of Article II of the state Constitution, providing that ‘the General Assembly shall have no power to pass retroactive laws.’ ”
 

 The
 
 Struble case
 
 was limited to the exemption, of personal property, no real estate being involved. Furthermore, the exemption there in question was contended for under legislation passed subsequent to the amendment. This legislation had for its purpose the classification of personal property. The instant case instead of involving personal property only is limited to real property. For reasons that will follow we do not deem it necessary at this time to determine whether this last-mentioned amendment of Section 2 of Article XII in respect of exemption applies as well to real property.
 

 Appellant claims exemption under Section 5349, General Code. This is a very old legislative enactment, the last amendment thereof having been passed May 9, 1908 (99 Ohio Laws, 449). (The last amend
 
 *571
 
 ment of Section 5353 was in 1923, 110 Ohio Laws, 77.) The Codifying Commission did change the phraseology.
 

 We agree with appellant that the foregoing amendment of Section 2 of Article XII widened the power of the General Assembly in respect of exemptions. However, snch amendment is not self-executing as to any exemption not therein specified. In respect of our question here this amendment simply authorized the General Assembly to act in some cases where it was formerly forbidden so to do. But the General Assembly has not acted in pursuance of that authorization. The schedule to this amendment does not make reference to any - previously or then existing exemption law (113 Ohio Laws, 79Ó).
 

 Unless otherwise provided, a constitutional amendment does not validate or enlarge any previously enacted legislation for which there was no constitutional authority at the time of enactment. A case in point is that of
 
 Hawley
 
 v.
 
 Anderson, Judge,
 
 99 Ore., 191, 190 P., 1097, wherein the Supreme Court of Oregon had before it the contention that a bond limitation contained in a previously enacted statute was removed by reason of the later adoption of a constitutional amendment. In answer to this contention the court said, at page 198: “It appears to be the uniform holding of the courts that a constitutional provision which is not self-executing does not affect existing legislation until the enactment of legislation putting it into effect.”
 

 Even in cases where the constitutional provision is not self-executing but contains a mandatory provision requiring the legislature to adopt a provision there is no remedy if the legislature fails to obey such constitutional mandate. 16 Corpus Juris Secundum, 80, Section 40, page 96, Section 45. See, also,
 
 ibid,
 
 pp. 100, 122 and 11 American Jurisprudence, 642, 690.
 

 
 *572
 
 In the case of
 
 Turnverein “Lincoln”
 
 v.
 
 Board of Appeals,
 
 358 Ill., 135, 192 N. E., 780, the Supreme Court of Illinois held:
 

 ‘‘Constitutional provision for exemption, of property from taxation is not self-executing, and exemptions within the limitations prescribed exist only when created by a general law enacted by the legislature.” See, also,
 
 Leser
 
 v.
 
 Lowenstein,
 
 129 Md., 244, 98 A., 712.
 

 It is a fundamental rule of construction tliat statutes are to be read in the light of attendant conditions and the state of law existent when enacted. In other words, statutes are to be construed as they were intended to be understood when enacted. 25 E. C. L., 959, Section 215; 37 Ohio Jurisprudence, 504
 
 et seq.,
 
 Section 274
 
 et seq.
 

 Appellant’s contention in the-instant case is aptly answered by the language of Judge Robinson in
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 564, 136 N. E., 283:
 

 “But it cannot be contended that the subsequent adoption of this provision of the Constitution could in any way be helpful in the interpretation of the meaning of legislation enacted prior thereto.”
 

 Appellant’s brief contains the following statement:
 

 “It is significant that Article XII, Section 2, of the Constitution was amended in 1912 so as to require ‘use’ as a condition .of exemption of charitable property. ’ ’
 

 As we have stated above, the existing exemption statutes under which appellant might qualify its property for exemption limit the property of an institution to such as is used exclusively for charitable purposes.
 

 As there is no present use of the property in question for a charitable purpose, the decision of the Board of Tax Appeals should be and hereby is affirmed.
 

 Decision affirmed.
 

 
 *573
 
 Matthias, Hart and Zimmerman, JJ., concur.
 

 Wbygandt, C. J., and Bell, J., dissent.
 

 Williams, J., not participating.