DEFIANCE COLLEGE, APPELLANT, *v.* BOARD OF TAX APPEALS
ET AL., APPELLEES.

[Cite as Defiance College v. Board of Tax Appeals
(1972), 30 Ohio St. 2d 1.]

2

(No. 71-462—Decided April 26, 1972.)

*Messrs. Knepper, White, Richards & Miller* and *Mr. Milton S. Bartholomew,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. David Bloomfield, Messrs. Shaw, Clemens & Williams* and *Mr. Lloyd C. Nichol,* for appellees.

Leach, J. In this case, the Board of Tax Appeals refused to consent to the remission of taxes which had been paid by Defiance College for the year 1969, the board taking the position that the language of R. C. 5713.08, providing that certain taxes "may be remitted by the auditor, with the consent of the board," permits only the remission of unpaid taxes; that the word "remitted" applies only to unpaid taxes and does not authorize a "refund" of taxes already paid.

Appellant predicates much of its argument upon the assertion, independently of the provisions of R. C. 5713.-08, that such a refund would be authorized by R. C. 5703.-02(I).

R. C. 5703.02 reads, in pertinent part:

"The Board of Tax Appeals shall exercise the following powers and perform the following duties of the Department of Taxation;

"* * *

"(I) Exercise the authority provided by Section 5715.39 of the Revised Code relative to remitting taxes and penalties against real property found to have been illegally assessed or to have been assessed in consequence of the negligence or error of an officer required to perform a duty relating to the assessment of such property for taxation, or the levy or collection of such taxes * * *."

Essentially, it is the contention of appellant, as to the applicability of R. C. 5703.02, that the actions of the county auditor and the county treasurer constitute either acts of "negligence" or of "error" by "an officer required to perform a duty relating to the * * * collection of such taxes." Assuming such to be true, we nevertheless must conclude that R. C. 5703.02 is inapplicable to the situation here involved, in view of the fact that there has been no showing that the taxes in question were "assessed in consequence of the negligence or error" of such an officer. To the contrary, at the time of assessment the alleged negligence or error had not even taken place. Moreover, it is not and cannot be claimed that such taxes were "illegally assessed," since, under the provisions of R. C. 5713.-08, property cannot be placed on the exempt list until approval by the Board of Tax Appeals.

However, for the reasons hereinafter stated, we conclude that refund can be made herein under the authority of R. C. 5713.08.

So far as pertinent, this statute reads as follows:

"* * * The board shall not consider an application for exemption of property under such sections unless the ap-

plication has attached thereto a certificate or affidavit executed by the county treasurer certifying that taxes, assessments, and penalties levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed.

"Taxes and penalties, which have accrued after the property was first used for the exempt purpose, but in no case prior to the date of acquisition of title to said property by applicant, may be remitted by the auditor, with the consent of the board."

A careful examination of the literal language of the statute would indicate that the authority to remit taxes would extend back to the time when the property was first used for the exempt purpose, if the applicant had acquired title by such time. Payment, however, was required to be made "in full to the date upon which the application for exemption is filed."

Obviously the "date upon which the application for exemption is filed" could never precede the date "the property was first used for the exempt purpose." Thus, a literal reading of the statute is indicative of a legislative intent that taxes so paid to the date of filing the application for exemption might be "remitted" back to the time the exempt use began, which would necessarily require a "refund."

In *Ursuline Academy* v. *Board of Tax Appeals* (1943), 141 Ohio St. 563, this court, in effect, expanded the literal language of R. C. 5713.08 (then G. C. 5570-1), holding, in the first paragraph of the syllabus:

"Under the proviso in Section 5570-1, General Code, the Board of Tax Appeals has jurisdiction to consider an application for exemption from taxation where the application or evidence before the board discloses that the only unpaid taxes, penalties and interest due on the property sought to be exempted are such as may be remitted by the county auditor with the consent of the Board of Tax Appeals if the board consents to the exemption."

This holding in *Ursuline Academy* was approved and

6

followed in *Welfare Federation of Cleveland* v. *Glander* (1945), 146 Ohio St. 146.

The rationale of this holding appears to have been based upon the conclusion that it would be an unnecessary act to require the owner of property, otherwise subject to exemption and remission, to pay the taxes in full to the date upon which the application for exemption is filed, and then, under the authority to remit, have such taxes repaid or refunded.

The language of G. C. 5570-1 was essentially the same as that now contained in R. C. 5713.08. We quote from the opinion of Turner, J., in *Ursuline Academy,* at page 567:

"The record shows that the taxes have been paid up to and including the 1940 taxes but were delinquent for the 1941 taxes with a penalty on the first half of 1941.

"Under the above quoted proviso of Section 5570-1, General Code, these taxes may be remitted by the county auditor with the consent of the Board of Tax Appeals if it be found that the premises in question were being used on tax lien day 1941 for an exempt purpose.

"As the county auditor had refused exemption in 1928 and in the application for exemption here under consideration had declined to make any recommendation for or against the exemption, the orderly procedure would necessarily be to have the right of exemption determined prior to the application to the county auditor for remission of the unpaid taxes. *If the Board of Tax Appeals consents to the exemption it would be unnecessary to require the unpaid taxes to be paid and then refunded.* The record discloses no unpaid assessments.

"Under the circumstances of this case, we hold that the Board of Tax Appeals had jurisdiction to consider the application for exemption." (Emphasis added.)

It will be noted that the *Ursuline Academy* case does not hold that taxes which would be subject to remission, if unpaid, cannot be refunded. To the contrary, it seems to assume that the *literal* language of the statute would require a payment, followed by a refund, and seems to as-

sume that such a refund would be authorized by the language—"may be remitted by the county auditor, with the consent of the Board of Tax Appeals."

The implied assumption by Judge Turner in *Ursuline Academy* that the power to remit would include the power to refund is fortified by the basic meaning of the word "remit" (*re*-back, + *mittere*, send). While this word, as is true with many words in the English language, has various shadings of meaning, its primary meaning is "to send back." While it is often used as being synonymous with forgive or pardon, its meanings include "put back into a previous position or condition" and "to transmit or send (money, etc.) to a person or place." *New Century Dictionary.*

We conclude that the provisions of R. C. 5713.08, providing that certain taxes and penalties "may be remitted by the auditor, with the consent of the board," include the power to refund taxes which accrued and were paid after the applicant acquired title and first used the property for the exempt purpose. This power, of course, is subject to the limitations contained in R. C. 5713.081 that on and after January 1, 1969, "no application for real property exemption and tax remission shall be filed with, or considered by, the Board of Tax Appeals wherein, tax remission is requested for more than one tax year * * *."

For the reasons heretofore stated, the decision of the Board of Tax Appeals is reversed, and the cause is remanded to the board for further proceedings.

*Decision reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN and STERN, JJ., concur.

BROWN, J., not participating.