ABEX CORP., APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

[Cite as Abex Corp. v. Kosydar (1973), 35 Ohio St. 2d 13.]

(No. 73-122—Decided June 27, 1973.)

14

*Messrs. Alexander, Ebinger, Holschuh, Fisher & Mc-Alister, Mr. Lloyd E. Fisher, Jr.,* and *Mr. Thomas P. Michael,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Dwight C. Pettay, Jr.,* for appellee.

*Per Curiam.* The basis for the dismissal by the Board of Tax Appeals was that the December 1, 1971, letter failed to comply with the mandatory requirements of R. C. 5717.02; and that, therefore, the board lacked jurisdiction of the matter. The board found that:

"* * * an appellant must strictly pursue its [R. C. 5717.02] mandatory requirements if he would confer jurisdiction upon the Board of Tax Appeals to review his cause; among which is that he 'shall * * * specify the error or errors therein complained of' in his notice of appeal."

The board further noted that it "* * * has consistently disregarded all errors set forth in argument and briefs

save and except such error or errors as are specified in the notice of appeal." The board then found that "the appellant is now interjecting other later claimed errors which are not complained of in their notice of appeal to this board, and held decisive of the cause then under review."

In support of its dismissal, the board quotes from two decisions by this court which required that notices of appeal to the board must specify the errors complained of. *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147; *Queen City Valves* v. *Peck* (1954), 161 Ohio St. 579.

While the majority of this court agrees that the notice of appeal must specify the errors complained of, that majority is of the view that appellant has sufficiently complied with that requirement.

The primary issue which appellant sought to bring before the Board of Tax Appeals was whether the appellee applied the correct rate in depreciating equipment acquired used. In this connection, it is noted that appellant's letter apprised the board and the appellee that appellant protested the increased valuation of its property predicated upon the application of an annual depreciation rate of five percent. Furthermore, the last paragraph of that letter indicated the relief sought—a rescission of the appellee's additional assessment.

In determining whether those averments are specific complaints of error, this court looks to *American Restaurant & Lunch Co.* and *Queen City Valves, supra.*

In *American Restaurant & Lunch Co.*, the notice merely alleged that "* * * the decision of the Tax Commissioner is contrary to law; that it is unreasonable and unlawful; that it is not sustained by the evidence and is contrary to the evidence and that the said decision is against the weight of the evidence; that the assessment fixed by the Tax Commissioner is excessive, contrary to law and the evidence."

While that notice of appeal certainly advanced a substantial number of legal propositions, it in no way indi-

cated what actions or findings of the Tax Commissioner were contrary to law or contrary to the evidence.

The notice of appeal in *Queen City Valves* was similarly phrased. That is, it essentially alleged that the Tax Commissioner's findings were unlawful and against the weight of the evidence, without in any manner indicating specifically what actions were unlawful or what findings were against the weight of the evidence. See, also, *Lawson Milk Co.* v. *Bowers* (1961), 171 Ohio St. 418; *Richter Transfer Co.* v. *Bowers* (1962), 174 Ohio St. 113.

Here, the notice of appeal clearly specifies the actions and findings of the Tax Commissioner the appellant questions, which actions and findings involved application of a five percent depreciation rate to certain property. Although the letter does not state that the appellee's findings were "contrary to law," or "against the weight of the evidence," the second paragraph is, in effect, an assertion that the appellee's findings were against the weight of the evidence.

As Zimmerman, J., noted in *Queen City Valves*: "This court has no disposition to be hypertechnical and to deny the right of appeal on captious grounds * * *." Although appellant's letter could certainly have been more aptly phrased, the majority of this court believes that it constituted a sufficient notice of appeal to meet the requirements of R. C. 5717.02.

For the foregoing reasons, this court holds that the dismissal of appellant's appeal was unreasonable and unlawful. The decision of the Board of Tax Appeals, dismissing appellant's appeal, is reversed and the cause is remanded to that board for a decision upon the merits.

*Decision reversed.*

O'NEILL, C. J., STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT and CORRIGAN, JJ., dissent.