8

Russell Township Board of Township Trustees, Appellant, v. Geauga County Budget Commission, Appellee.

(Nos. 75-16 and 75-47—Decided October 8, 1975.)

*Messrs. Gustin, Shillman & Weiss* and *Mr. David B. Shillman,* for appellant.

*Mr. Jerry A. Peterson,* prosecuting attorney, and *Mr. H. F. Inderlied, Jr.,* for appellee.

*Per Curiam.* The question presented is whether appellant's inclusion of a purported statutory ground for appeal, R. C. 5705.341, in its notice of appeal to the Board of Tax Appeals, deprives the board of jurisdiction to proceed to the merits of the appeal.

Appellant is a taxing authority of a subdivision. R. C. 5705.01.[1] Such an entity is entitled to appeal any action of the budget commission to the Board of Tax Appeals. R. C. 5705.37.[2]

The only specified requirement for perfecting an appeal under R. C. 5705.37 is that it be initiated within 30 days. There is no requirement that notice be given of the particular statutory grounds under which the appeal is to proceed.

From the record, it is apparent that appellant complied with all the *procedural* requirements of R. C. 5705.341 and

---

[1] R. C. 5705.01, in pertinent part, reads:

"As used in Chapter 5705 of the Revised Code:

"(A) 'Subdivision' means any * * * township * * *.

"* * *

"(C) 'Taxing authority' * * * means * * *, in the case of a township, the board of township trustees * * *."

[2] R. C. 5705.37, in pertinent part, reads:

"The taxing authority of any subdivision which is dissatisfied with any action of the budget commission may, through its fiscal officer, appeal to the Board of Tax Appeals within thirty days after the receipt by such subdivision of the official certificate or notice of such action of said commission. * * * The Board of Tax Appeals shall forthwith consider the matter presented to the commission, and may modify any action of the commission with reference to the budget, the estimate of revenues and balances, or the fixing of tax rates. The finding of the Board of Tax Appeals shall be substituted for the findings of the commission, and shall be certified to the county auditor and the taxing authority of the subdivision affected * * * as the action of such commission under Sections 5705.01 to 5705.47, inclusive, of the Revised Code."

5705.37, in attempting to bring its appeal before the Board of Tax Appeals.

We need not reach the question of whether appellant is within the class of taxpayers which may bring an appeal under R. C. 5705.341, and therefore we dismiss the appeal in case No. 75-47 as being moot, because this court holds that appellant met all the jurisdictional requirements of R. C. 5705.37 and that its appeal should proceed thereunder.

" 'This court has no disposition to be hypertechnical and to deny the right of appeal on captious grounds * * *.' [*Queen City Valves* v. *Peck* (1954), 161 Ohio St. 579, 583.] " *Abex Corp.* v. *Kosydar* (1973), 35 Ohio St. 2d 13, 17.

Accordingly, appellant should not be penalized for attempting to cite the jurisdictional basis for its appeal when such citation is not required in the notice of appeal.

Therefore, the decision of the Board of Tax Appeals, in case No. 75-16, being unreasonable and unlawful, is reversed.

*Decision in case No. 75-16 reversed.*
*Appeal in case No. 75-47 dismissed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.