LENART, APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.
CASERTA, APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.
TIDRICK, APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Lenart v. Lindley (1980), 61 Ohio St. 2d 110.]

(Nos. 79-291, 79-292 and 79-295—Decided January 30, 1980.)

*Messrs. Coyner & McSwain* and *Mr. William T. McSwain,* for appellees Lenart and Caserta.

*Messrs. Alexander, Ebinger, Holschuh, Fisher & McAlister* and *Mr. J. Stephen Van Heyde* for appellee Tidrick.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

## I.

*Per Curiam.* In cases Nos. 79-291 and 79-292, appellant challenges the jurisdiction of the BTA to absolve Lenart and Caserta from liability. Appellant argues that the decision of the BTA is grounded solely upon an alleged error of the Tax Commissioner which appellees did not specifically raise in their notices of appeal. Therefore, appellant contends, the BTA exceeded its statutory authority under R. C. 5717.02. Lenart and Caserta argue that a notice of appeal filed under R. C. 5717.02 should be sufficient to confer jurisdiction upon the BTA if both the board and the commissioner are apprised of the issues to be decided during the proceedings. Cited in support of this assertion are *Queen City Valves* v. *Peck* (1954), 161 Ohio St. 579, 120 N.E. 2d 310; *Abex* v. *Kosydar* (1973), 35 Ohio St. 2d 13, 298 N.E. 2d 584; and *Gochneaur* v. *Kosydar* (1976), 46 Ohio St. 2d 59, 346 N.E. 2d 320.

The provisions of R. C. 5717.02 confer upon the BTA authority to review final determinations of the Tax Commissioner. The statute provides, in applicable part:

"***The notice of [such] appeal shall set forth or have attached thereto***a true copy of the notice sent by such commissioner to the taxpayer of the final determination complained of, *and shall also specify the errors therein complained of.*" (Emphasis added.)

In their notices of appeal, Lenart and Caserta specified as grounds for the reversal of the orders of the Tax Commissioner the following propositions of error:

"[3] a. ***[Lenart and Caserta] resigned as***[corporate officers] of American Airmotive, Inc., in August, 1973. At that time, all sales tax return filings and payments were current. Therefore***[Lenart and Caserta have] no personal liability under Ohio Revised Code Section 5739.33.

"b. Assessments are made against items purchased for resale, clearly not taxable under Chapter 5739 Ohio Revised Code.

"c. Said assessment covers periods of time after ***[Lenart and Caserta] had resigned from American Airmotive and***[were] thereby relieved of any further personal liability.

"d. Said assessment is so vague as to be impossible of interpretation.***[Lenart and Caserta] cannot determine from the assessment what transactions are being assessed. Collection of amounts allegedly owed based upon such information would be a violation of Due Process of Law as guaranteed by the Constitution of the United States of America."

The supplemental notices of appeal stated, in part:

"4. In addition to the errors complained of in the original Notice of Appeal, appellee finds additional error to wit:

"A. The Commissioner erred in finding***[Lenart and Caserta] liable since the assessment is barred by the statute of limitations.

"B. The Commissioner erred in that said assessment was made without a proper audit of the books and records.

"C. The Commissioner erred in determining Ohio Revised Code Section 5739.33 applied to***[Lenart and Caserta] such application is unconstitutional, denying***[Lenart and Caserta] due process of law in violation of the United States Constitution."

The question presented is whether the aforementioned notices of appeal are sufficient, within the meaning of R. C. 5717.02, to confer jurisdiction upon the BTA to render the decision from which these appeals are taken.

In considering this question of specificity in the past, this court has held that R. C. 5717.02 is a jurisdictional enactment and that adherence to the conditions and procedure set forth in the statute is essential. *E.g., American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147, 70 N.E. 2d 93; *Kent Provision Co.* v. *Peck* (1953), 159 Ohio St. 84, 110 N.E. 2d 776; *Queen City Valves* v. *Peck, supra* (161 Ohio St. 579); *Ladas* v. *Peck* (1954), 162 Ohio St. 159, 122 N.E. 2d 12; *Painesville* v. *Lake County Budget Comm.* (1978), 56 Ohio St. 2d 282, 383 N.E. 2d 896; *Hafner & Sons* v. *Lindley* (1979), 58 Ohio St. 2d 130, 388 N.E. 2d 1240.

The BTA's determination was predicated upon its finding that Lenart and Caserta were not corporate officers who controlled, or were charged with the responsibility of, filing sales tax returns and making tax payments, and therefore were not personally liable for the assessments within the meaning of R. C. 5739.33 and our decision in *Weiss* v. *Porterfield* (1971), 27 Ohio St. 2d 117, 271 N.E. 2d 792. However, a perusal of the notices of appeal does not demonstrate an assignment of error which specifically alleges this as a basis upon which appellant's decision should be reversed. The only reference in the notices of appeal to corporate positions is in paragraphs 3a and c, wherein appellees aver that at the time they resigned as corporate officers all sales taxes had been fully paid by the corporation. In our view, these statements were insufficient, under R. C. 5717.02, to confer jurisdiction upon the BTA to resolve the separate and dissimilar question of whether appellees were in control of, or were responsible for, the preparation and payment of the sales taxes under assessment.

Lenart and Caserta contend that this conclusion contravenes the cases of *Queen City Valves* v. *Peck, supra; Abex Corp.* v. *Kosydar, supra* (35 Ohio St. 2d 13), and *Gochneaur* v. *Kosydar, supra* (46 Ohio St. 2d 59). However, in both *Queen City Valves* and *Gochneaur,* this court affirmed decisions of the BTA which declined to address matters which were not

specifically raised in the notices of appeal. In the instant cause, the notices of appeal were not as broadly drafted as the one in *Queen City, supra,* but they still did not set forth the specific error upon which the reversal of appellant's orders was sought. The appellant in *Gochneaur* attempted to raise, at the hearing before the BTA, an additional ground for exempting his property from taxation which he had not included in his notice of appeal. In affirming the BTA's refusal to address this additional matter, this court stated at pages 66 and 67:

"We do not choose to retreat from the specificity requirements for notices of appeal enunciated by R. C. 5717.02 and the decisions of this court***."

In *Abex Corp.* v. *Kosydar, supra,* the BTA found the taxpayer's notice of appeal, submitted in the form of a letter, inadequate to confer jurisdiction upon it under the provisions of R. C. 5717.02. This court reversed the BTA, but only because the letter "clearly specifie[d] the actions and findings of the Tax Commissioner" which appellant believed to be erroneous.

## II.

The single issue presented in case No. 79-295 is whether the decision of the BTA was reasonable and lawful.[1]

Appellant urges that Tidrick, as corporate Treasurer, was assigned the responsibility for filing sales tax returns and paying the taxes on behalf of the corporation. Appellant states that Tidrick had full knowledge that the sales tax proceeds were being diverted to the corporation for its own benefit, but that he nevertheless failed to remit payment to the state. Appellant contends further that this corporate misappropriation of state tax revenues is the type of abuse which the General Assembly sought to prevent when it enacted the remedial provisions of R. C. 5739.33, and that Tidrick is a corporate official who is liable under that statute.

In our view, the evidence in the record supports appellant's contention that Tidrick should be held personally

---

[1] In his brief, Tidrick asserts a number of alternative grounds upon which this court could affirm the BTA in the event that appellant's challenge is well taken. Tidrick did not, however, exercise his right pursuant to R. C. 5717.04 and Sections 2, 4, Rule I, of the Rules of Practice of this court, to file a notice of cross-appeal. Therefore, our review is limited to the proposition of law raised by appellant. *Rowland* v. *Collins* (1976), 48 Ohio St. 2d 311, fn. at 312, 358 N.E. 2d 582.

liable for these tax assessments. He admitted below that he was aware of the corporations's statutory duty to periodically remit all sales tax proceeds collected on behalf of the state; that he was aware the corporation in collecting these taxes was acting as a trustee for the benefit of the state; and that he frequently advised Airmotive's Board of Directors that these funds were not being remitted as required by law. The record shows further that Tidrick was the officer of the corporation whose responsibilities included the preparation and filing of sales tax returns, and that when such returns were actually filed it was he who generally completed this task. Furthermore, his testimony shows that he had the formal authority within the corporation to issue checks for amounts up to $25,000 upon his own signature, and that when some sales taxes were remitted he signed the check for the corporation and made the payment. Under such circumstances, we conclude that Tidrick's responsibilities bring him within the purview of R. C. 5739.33 and the holding in *Weiss* v. *Porterfield, supra.*[2]

The decision of the BTA in these causes is reversed, and the causes are remanded for further proceedings relative to the unaddressed propositions of error specifically set forth in the notices of appeal to the BTA.

*Decision reversed*
*and causes remanded.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SHANNON, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissents.

SHANNON, J., of the First Appellate District, sitting for P. BROWN, J.

HOLMES, J., dissenting. Although I must recognize that this court has stated R. C. 5717.02 must be strictly adhered to,

---

[2] Tidrick contends that a corporate officer who is instructed by the Board of Directors not to remit the sales taxes should not be held accountable for these funds since it is the board which controls the making of the payments. The provisions of R. C. 5739.33 are written in the disjunctive and provide personal liability for corporate officers who control the filing or making of sales tax payments for the corporation. We do not reach the question of whether Tidrick has an action for indemnification against Airmotive's Board of Directors as individuals, or as members of the board, or both.

*Hafner & Sons* v. *Lindley* (1979), 58 Ohio St. 2d 130, 131, I am also fully supportive of this court's comment in the case of *Queen City Valves* v. *Peck* (1954), 161 Ohio St. 579, 583, that the notice requirement to the Board of Tax Appeals, pursuant to R. C. 5717.02, should not be applied in a "hypertechnical" manner. Although recognizing that such section, and its provisions for appellate procedure, is jurisdictional, I believe that it should be applied to the facts *sub judice* in a reasonable manner.

Here, in the notices of appeal of Caserta and Lenart, the precise wording of R. C. 5739.33 was not set forth stating that they were not officers responsible for filing sales tax returns and making payments of the Ohio sales tax on behalf of the corporation. However, their notices of appeal did state that they had no personal liability under R. C. 5739.33, albeit for the stated reason that "all sales tax return filings and payments were current."

Additionally, Caserta and Lenart each filed a supplemental notice of appeal, which notice contained an assignment of error, among others, as follows: "C. The Commissioner erred in determining Ohio Revised Code Section 5739.33 applied to***[Lenart and Caserta]." I would conclude that a reasonable reading of these notices should invest jurisdiction of this review in the Board of Tax Appeals. In this regard, the board acted appropriately in assuming jurisdiction over the issue of whether the appellees were amenable to R. C. 5739.33.

Concerning the issues of the liability of each of these three individuals for the payment of the sales taxes due from the corporation, I must conclude that the findings of the Board of Tax Appeals were neither contrary to law, unreasonable, nor unsupported by probative and substantial evidence.

As to Lenart, the board found upon the evidence adduced that she "was not a decision making party but primarily she ran the office and did as she was instructed."

As to Caserta, the record indicates that he was Vice President in charge of Charter and Maintenance for the aircraft corporation from March 1970 to March 1973. The board found that he was a corporate board member, that he owned 40 percent of the corporate stock, and that he was authorized to sign

corporate checks as a co-signer with another officer—but, the board also found that Caserta had check-writing authority in order to pay these sales taxes only upon the prior approval of the Board of Directors. Concerning this latter point the board in its order set forth the finding that:

"The testimony was also clear that Mr. Caserta was definitely controlled by the Wolerys [three brothers who were stockholders and controlling board members] and that he did not deal with the questions of payment of taxes***."

It is my view that R. C. 5739.33 contemplates assessing personal liability upon the officers who have control in fact of the corporate finances. Such was the holding of the federal Court of Appeals in *Haffa* v. *United States* (C.A. 7, 1975), 516 F. 2d 931, at 936, wherein the court found that personal liability should be based upon "control of finances within the employer corporation: the power to control the decision-making process by which the employer corporation allocates funds to other creditors in preference to its withholding tax obligations." The board found such to be the facts and applied such principle of law in the instant causes as to Caserta, Lenart and Tidrick stating in its order:

"In the cases under appeal herein the responsibility of all appellants was limited in that no one was authorized to pay any taxes without express authority of the Board of Directors. The testimony was that even beyond that they were all instructed by the Board of Directors to not pay any taxes without specific authority from the Board of Directors to pay the taxes."

Therefore, as to each of the individuals involved in these consolidated cases, I would hold that the Board of Tax Appeals applied the correct law and had ample evidence before it to enter the order which found these three individuals not personally liable for the sales tax due.

While the evidence was such that the board might reasonably have found and concluded that Caserta, Tidrick and Lenart were corporate officers who should be charged with personal liability for the payment of Ohio sales taxes due from the corporation, the evidence would also reasonably support the board's determination that these individuals did not come within the purview of the statute. Such a finding was neither unreasonable nor unlawful.