**NORTHEAST OHIO REGIONAL SEWER DISTRICT, Appellant,**

v.

**LIMBACH, Tax Commr., et al., Appellees.**

[Cite as *Northeast Ohio Regional Sewer Dist. v. Limbach* (1991), 72 Ohio App.3d 540.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58005.

Decided Feb. 19, 1991.

*David A. Shorr,* Assistant General Counsel, for appellant.

*Richard C. Farrin,* Assistant Attorney General, for appellees Joanne Limbach and Anthony J. Celebrezze, Jr.

*Timothy McCormick,* Cuyahoga County Auditor, *pro se.*

NAHRA, Judge.

This appeal arises from the decision of the Board of Tax Appeals ("BTA") in which it affirmed the Tax Commissioner's determination that she lacked jurisdiction to consider the application for exemption of the Northeast Ohio Regional Sewer District ("Sewer District"), appellant herein.

The Sewer District was created in 1972 pursuant to R.C. Chapter 6119 and is a political subdivision of the state of Ohio. As a result of a lawsuit between the city of Cleveland, its surrounding suburbs and the state of Ohio, the city of Cleveland was ordered to transfer certain property to the Sewer District. On May 9, 1973, the property was transferred by deed. The parcel at issue in this case, parcel No. 112–09–003, was among the property transferred.

On September 30, 1974, the Sewer District filed an application for exemption from taxation pursuant to R.C. 6119.40 and such application was accepted. However, the application did not include the parcel in issue. On August 28, 1985, the Sewer District filed an application for exemption from taxation for parcel No. 112–09–003 for tax year 1984. The application, filed pursuant to R.C. 5713.08, also sought remission of unpaid taxes for tax year 1983. This application contained a certification by the county treasurer certifying that taxes levied and assessed on the parcel in question were unpaid from 1974 through 1983.

Based upon this certification, and the provisions of R.C. 5713.08, the Tax Commissioner held that she was without jurisdiction to consider the application. The Sewer District filed a notice of appeal to the BTA pursuant to R.C. 5717.02. A hearing was held before the BTA and the BTA affirmed the Tax Commissioner's determination that she was without jurisdiction to consider the Sewer District's application for exemption. This appeal follows.

I

Appellant's first and second assignments of error are interrelated and shall be examined together. They state:

"I. The BOTA erred in determining that the Tax Commissioner lacked jurisdiction to review the application for exemption of the appellant sewer district on permanent parcel No. 112–09–003.

"II. The BOTA erred in determining that Sewer District's existing pursuant to Chapter 6119 of the Ohio Revised Code and having exemption from taxes pursuant to Revised Code Section 6119.40 must file an application for exemption, which must be granted, before the property becomes exempt."

In 1985 the sewer district filed an application for an exemption from taxation pursuant to R.C. 6119.40 for parcel No. 112–09–003. R.C. 6119.40 states:

"The exercise of the powers granted by Chapter 6119. of the Revised Code, will in all respects be for the benefit of the people and for the increase of their prosperity and the improvement of their health and living conditions. The operation and maintenance of public works by the board of trustees of a regional water and sewer district constitute the performance of essential governmental functions. Such district shall not be required to pay any taxes or assessments upon any real or personal property acquired, owned, used, or controlled by it under Chapter 6119. of the Revised Code, or upon the income or gross receipts therefrom, and the bonds and notes issued under such sections and the transfer of income therefrom, including any profit made on the sale thereof, shall at all times be free from taxation within the state."

The Tax Commissioner determined that she lacked jurisdiction to consider the application because the Sewer District had failed to comply with the requirement of R.C. 5713.08, which stated in pertinent part:

"The commissioner shall not consider an application for exemption of property unless the application has attached thereto a certificate executed by the county treasurer certifying that taxes, assessments, interest, and penalties levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed, except for such taxes and penalties that may be remitted under division (B) of this section.

"* * *

"(B) Unpaid taxes, interest, and penalties, which have become a lien after the property was first used for the exempt purpose, but in no case prior to the date of acquisition of the title to said property by applicant, may be remitted

by the commissioner, except as is provided in section 5713.081 of the Revised Code."

R.C. 5713.081 provided that the Tax Commissioner had no authority to remit taxes for more than one year. It stated in pertinent part:

"On and after January 1, 1969, no application for real property tax exemption and tax remission shall be filed with, or considered by, the tax commissioner wherein, tax remission is requested for more than one tax year, and the commissioner shall have no authority to remit more than one year's delinquent taxes, penalties, and interest."

The Sewer District maintains that the Tax Commissioner had jurisdiction to consider the application for exemption and remission because R.C. 6119.40 exempts sewer districts from real property taxation so that no taxes remain unpaid. The Sewer District does not contest that it has not paid taxes on the property in question from 1974 to the time of its application in 1984. Rather, it contests the Tax Commissioner's determination that these taxes were required to be paid before she could consider the application. The Sewer District contends that R.C. 6119.40 is self-executing and that it takes precedence over R.C. 5713.08 and 5715.27.[1]

■ The express language of R.C. 5713.08 makes clear that the Tax Commissioner cannot consider an application for exemption unless all taxes and penalties have been paid in full. See *Cleveland v. Carney* (1959), 168 Ohio St. 533, 7 O.O.2d 395, 156 N.E.2d 730. Moreover, R.C. 5713.081 authorized the Tax Commissioner to remit only taxes due for the one year prior to the year in which the application is filed. In the case at bar, there would be nine years of unpaid taxes left after such a remission. Therefore, we believe that the Tax Commissioner and the BTA determined properly that the Tax Commissioner was without jurisdiction to consider the application. R.C. 5713.081; R.C. 5713.08; see *Defiance College v. Bd. of Tax Appeals* (1972), 30 Ohio St.2d 1, 59 O.O.2d 45, 282 N.E.2d 39.

---

1. R.C. 5715.27, which concerns the right to file an application for exemption, states in pertinent part:

"(A) The owner of any property may file an application with the tax commissioner, on forms prescribed by the commissioner, requesting that such property be exempted from taxation and that unpaid taxes and penalties be remitted as provided in division (B) of section 5713.08 of the Revised Code.
" * * *
"(F) An application for exemption and a complaint against exemption shall be filed prior to the thirty-first day of December of the tax year for which exemption is requested or for which the liability of any property to taxation in that year is requested. The commissioner shall consider such application or complaint in accordance with procedures established by him, determine whether the property is subject to taxation or exempt therefrom, and certify his findings to the auditor, who shall correct the tax list and duplicate accordingly."

■ We also believe that the Sewer District's assertion that R.C. 6119.40 takes precedence over R.C. 5713.08 and 5715.27 lacks merit. There is no conflict among R.C. 6119.40, 5713.08 and 5715.27. R.C. 6119.40 merely establishes the substantive law regarding the nature and scope of the exemption. In a similar situation the Ohio Supreme Court held: "However, those statutes * * * are not self-executing. Although property is clearly exemptible, it may not be exempted until the Board of Tax Appeals consents thereto." *Bd. of Edn. v. Olenick* (1976), 45 Ohio St.2d 300, 74 O.O.2d 466, 345 N.E.2d 66. R.C. 5713.08 and 5715.27 establish the procedure required to file a claim for an exemption. R.C. 6119.40 does not attempt to establish any procedure for obtaining an exemption for the Sewer District. We believe that the above provisions are consistent.

As a result of the foregoing, appellant's first and second assignments of error are overruled.

II

Appellant's assignments of error three through seven are interrelated and shall be examined together. They state:

"III. The BOTA erred in determining that no application for exemption had been filed until 1984, as said application relates back to 1973 pursuant to Sections 5713.19, 5713.20, 5713.21 and 5715.39.

"IV. The BOTA erred in determining that the Sewer District's permanent parcel number 112–09–003 is not exempt pursuant to exemption granted permanent parcel number 112–09–001 and Cuyahoga County Auditor's failure to consolidate.

"V. The BOTA erred in determining that the issue of lack of jurisdiction "was the only matter properly before this board of consideration.

"VI. The BOTA erred as its decision is against the manifest weight of the evidence, is unlawful and unreasonable.

"VII. The Board of Tax Appeals erred in determining the subject property has accrued ten years of unpaid taxes as said determination is contrary to law."

■ R.C. 5717.02 governs appeals to the Board of Tax Appeals. R.C. 5717.02 provides in relevant part:

" * * * The notice of appeal shall have attached thereto * * * a true copy of the notice sent by such commissioner to the taxpayer of the final determination * * * complained of, *and shall also specify the errors therein complained of* * * *." (Emphasis added.)

The Supreme Court of Ohio has held consistently that under R.C. 5717.02, a notice of appeal does not confer jurisdiction upon the Board of Tax Appeals to resolve an issue unless that issue is clearly specified in the notice of appeal. *Lenart v. Lindley* (1980), 61 Ohio St.2d 110, 15 O.O.3d 152, 399 N.E.2d 1222; *Abex Corp. v. Kosydar* (1973), 35 Ohio St.2d 13, 64 O.O.2d 8, 298 N.E.2d 584. A reviewing court will not reverse a decision of the BTA where the notice of appeal does not enumerate in definite and specific terms the precise errors claimed. *Gochneaur v. Kosydar* (1976), 46 Ohio St.2d 59, 66, 75 O.O.2d 142, 146, 346 N.E.2d 320, 325. R.C. 5717.02 must be followed strictly and adherence to its conditions and procedure is essential. *Lenart v. Lindley, supra;* *Queen City Valves v. Peck* (1954), 161 Ohio St. 579, 53 O.O. 430, 120 N.E.2d 310.

Here, the Sewer District specified the following as error in its notice of appeal to the BTA:

"2. The Tax Commissioner erred in determining that there was no jurisdiction pursuant to Sections 5715.27 and 5713.08 of the Ohio Revised Code.

"3. The Tax Commissioner improperly denied the application for exemption pursuant to Sections 5713.08 and 6119.40 of the Revised Code."

The issues raised by the Sewer District in its Assignments of Error III through VII fall outside the issues specified in the notice of appeal to the BTA. As a result, we do not have jurisdiction to address them. See *Osborne Bros., Inc. v. Limbach* (1988), 40 Ohio St.3d 175, 532 N.E.2d 739; *Moraine Hts. Baptist Church v. Kinney* (1984), 12 Ohio St.3d 134, 138, 12 OBR 174, 178, 465 N.E.2d 1281, 1284.

In view of our holding above that the Tax Commissioner ruled properly in finding that she lacked jurisdiction to consider the Sewer District's application, we also lack jurisdiction to consider appellant's application on its merits.

Even assuming, *arguendo,* that the Tax Commissioner had jurisdiction to consider the application for exemption and that the BTA erred in affirming the Tax Commissioner's holding, the case herein would be remanded to the Tax Commissioner to address the merits of the application for exemption.

Appellant's Assignments of Error III through VII are dismissed.

For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

DYKE, P.J., and FRANCIS E. SWEENEY, J., concur.