This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, D Cubed, Inc., appeals the decision of the Ohio Board of Tax Appeals ("Board"), which dismissed its appeal of a final determination of the tax commissioner on behalf of appellee, Ohio Department of Taxation, regarding a tax assessment against appellant. This Court affirms.
 I. {¶ 2} Appellant is an Ohio corporation formed in the early 1990s and operated as a bar located in Cleveland. After appellant was closed in December 1997, the tax commissioner mailed appellant, through its president Dennis DiSanto, a summary for recommending assessment, explaining his intent to conduct a sales tax audit of appellant's operation from June 1994 through December 1997. Before the tax commissioner issued a formal notice to appellant concerning the audit, appellant prematurely filed a petition for reassessment of the audit and mailed it to the tax commissioner. Appellant's petition did not list any reasons for objection. Shortly thereafter, the tax commissioner mailed appellant, via certified mail to Dennis DiSanto's residence, a formal notice of assessment with respect to the sales tax audit, which stated appellant owed a total amount of $48,379.14.
 {¶ 3} Months later, the tax commissioner mailed appellant, via certified mail to Dennis DiSanto's residence, a letter announcing a scheduled hearing with regard to appellant's petition for reassessment of the audit. This notice of hearing was returned to the tax commissioner as "unclaimed." The tax commissioner conducted the hearing on May 11, 1999, and no representative of appellant was present. In March 2001, the tax commissioner issued the final determination of the audit to appellant, assessing it to owe the total amount of $48,379.14. Upon receipt of the final determination, appellant timely filed a notice of appeal with the Board.
 {¶ 4} Appellant asserted three assignments of error, arguing that the department and the tax commissioner erroneously calculated appellant's sales and sales tax liability amounts in the assessment, and therefore the tax commissioner erred in affirming the assessment. Appellant's fourth and final assignment of error simply stated, "The decision of the Tax Commissioner is arbitrary, erroneous, unreasonable, and contrary to law." On September 27, 2001, the tax commissioner filed a motion to dismiss appellant's appeal with the Board. Appellant responded by filing a memorandum contra to the motion to dismiss, in which it raised, for the first time, allegations that the tax commissioner improperly served appellant and therefore he had no jurisdiction to issue a final determination against appellant.
 {¶ 5} The Board held an evidentiary hearing on December 10, 2001, to consider the issues raised in the motion to dismiss and the memorandum contra to that motion. On April 26, 2002, the Board issued its decision and order dismissing appellant's appeal. The Board found that because appellant's petition for reassessment was premature and contained no objections, the Board was deprived of the necessary jurisdiction to consider the appeal.
 {¶ 6} Appellant timely appealed and sets forth seven assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 7} "THE BOARD OF TAX APPEAL'S ("BOARD") DECISION AND ORDER ("DECISION") IS UNREASONABLE AND UNLAWFUL, AND THE BOARD ERRED IN AFFIRMING THE FINAL DETERMINATION AND THE ASSESSMENT, BECAUSE THE TAX COMMISSIONER FAILED TO PROPERLY SERVE D CUBED WITH A NOTICE OF ASSESSMENT IN ACCORDANCE WITH R.C. §§ 5739.13
AND 5703.37."
 SECOND ASSIGNMENT OF ERROR {¶ 8} "THE BOARD'S DECISION AND ORDER IS UNREASONABLE AND UNLAWFUL, AND THE BOARD ERRED IN AFFIRMING THE FINAL DETERMINATION AND THE ASSESSMENT, BECAUSE THE TAX COMMISSIONER FAILED TO PROPERLY SERVE D CUBED WITH A NOTICE OF HEARING IN ACCORDANCE WITH R.C. § 5739.13."
 THIRD ASSIGNMENT OF ERROR {¶ 9} "THE BOARD'S DECISION AND ORDER IS UNREASONABLE AND UNLAWFUL, AND THE BOARD ERRED IN AFFIRMING THE FINAL DETERMINATION AND THE ASSESSMENT, BECAUSE THE TAX COMMISSIONER HAD NO JURISDICTION TO ISSUE THE FINAL DETERMINATION TO D CUBED AND/OR TO OTHERWISE PROCEED WITH THE ASSESSMENT AGAINST D CUBED FOR THE REASONS THAT: (1) THE TAX COMMISSIONER FAILED TO PROPERLY SERVE D CUBED WITH A NOTICE OF ASSESSMENT IN ACCORDANCE WITH R.C. §§ 5739.13 AND 5703.37; AND/OR (2) THE TAX COMMISSIONER FAILED TO PROPERLY SERVE D CUBED WITH A NOTICE OF HEARING IN ACCORDANCE WITH R.C. § 5739.13."
 FOURTH ASSIGNMENT OF ERROR {¶ 10} "THE BOARD'S DECISION AND ORDER IS UNREASONABLE AND UNLAWFUL, AND THE BOARD ERRED IN AFFIRMING THE FINAL DETERMINATION AND THE ASSESSMENT, BECAUSE THE TAX COMMISSIONER ASSESSED D CUBED AN UNREASONABLE, UNLAWFUL, AND EXORBITANT AMOUNT OF SALES TAX FOR AN ASSESSMENT PERIOD OF ONLY ONE DAY, AS SET FORTH IN THE NOTICE OF ASSESSMENT ISSUED ON OR ABOUT SEPTEMBER 4, 1998."
 FIFTH ASSIGNMENT OF ERROR {¶ 11} "THE BOARD'S DECISION AND ORDER IS UNREASONABLE AND UNLAWFUL, AND THE BOARD ERRED IN AFFIRMING THE FINAL DETERMINATION AND THE ASSESSMENT, BECAUSE THE TAX COMMISSIONER UNLAWFULLY DENIED D CUBED ITS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAWS OF OHIO AND THE UNITED STATES OF AMERICA."
 SIXTH ASSIGNMENT OF ERROR {¶ 12} "THE BOARD'S DECISION AND ORDER IS UNREASONABLE, UNLAWFUL, ARBITRARY, ERRONEOUS, AND CONTRARY TO LAW BECAUSE, AMONG OTHER REASONS, THE FINAL DETERMINATION AND ASSESSMENT AGAINST D CUBED DO NOT COMPLY WITH THE REQUIREMENTS OF R.C. § 5739.13
AND, THEREFORE, THE FINAL DETERMINATION AND ASSESSMENT ARE ILLEGAL AND UNENFORCEABLE."
 SEVENTH ASSIGNMENT OF ERROR {¶ 13} "THE BOARD'S DECISION AND ORDER IS UNREASONABLE AND UNLAWFUL, AND THE BOARD ERRED IN AFFIRMING THE FINAL DETERMINATION AND THE ASSESSMENT, BECAUSE THE BOARD'S DECISION AND ORDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT THE JURISDICTIONAL HEARING HELD ON DECEMBER 10, 2001, AND CONTAINED IN THE OFFICIAL RECORD OF THE ABOVE-CAPTIONED MATTER."
 {¶ 14} In its first three assignments of error, appellant argues that the tax commissioner failed to properly serve appellant and had no jurisdiction to issue the final determination and therefore the Board erred in affirming the assessment. In its fourth assignment of error, appellant argues that the tax commissioner assessed appellant an unreasonable, unlawful, and exorbitant amount of sales tax and therefore the Board erred in affirming the assessment. In its fifth and sixth assignments of error, appellant argues that the tax commissioner violated its due process and equal protection rights, the assessment was illegal and unenforceable as it did not comply with statutory requirements, and therefore the Board erred in affirming the assessment. In its final assignment of error, appellant argues that the Board's decision and order is against the manifest weight of the evidence and therefore the Board erred in affirming the assessment. In its assignments of error, appellant concludes that the Board's decision and order is unreasonable, unlawful, arbitrary, erroneous, and contrary to law.
 {¶ 15} R.C. 5717.02 provides the required procedure appellant must follow to properly appeal a final determination by the tax commissioner to the board of tax appeals. It states, in relevant part, that appellant must file its notice of appeal with both the board and the tax commissioner, and that "[t]he notice of appeal shall have attached thereto and incorporated therein by reference a true copy of the notice sent by the commissioner * * * to the taxpayer, enterprise, or other person of the final determination * * * complained of, and shall alsospecify the errors therein complained of [.]" (Emphasis added.) The Supreme Court of Ohio has found that the wording of R.C. 5717.02 entitles the board of tax appeals to the following:
 {¶ 16} "to be advised specifically of the various errors charged to the Tax Commissioner. The statute requires in plain language that the errors complained of be specified. The word, `specify,' according to Black's Law Dictionary (4 Ed.) means `to mention specifically; to state in full and explicit terms; to point out; to tell or state precisely or in detail; to particularize'[.]" Queen City Valves, Inc. v. Peck
(1954), 161 Ohio St. 579, 583.
 {¶ 17} In consideration of this specificity requirement for errors brought in a complaint, the Supreme Court of Ohio "has held that R.C.5717.02 is a jurisdictional enactment and that adherence to the conditions and procedure set forth in the statute is essential." (Citations omitted.) Lenart v. Lindley (1980), 61 Ohio St.2d 110, 114. The Supreme Court of Ohio has specifically held:
 {¶ 18} "a notice of appeal which does not enumerate in definite and specific terms the precise errors claimed but uses language so broad and general that it might be employed in nearly any case is insufficient to meet the demands of the statute; and a decision of the Board of Tax Appeals dismissing for want of jurisdiction an appeal predicated on such a notice of appeal will not be reversed by this court as unlawful or unreasonable." Queens City Valves, 161 Ohio St. at the syllabus.
 {¶ 19} In appellant's case, the Board held that it did not have jurisdiction to consider its appeal because the language in appellant's complaint was so broad and general that it was insufficient to meet the specificity requirement of R.C. 5717.02. In its decision and order, the Board stated that appellant failed to include any objections in its petition for reassessment. It explained that "[t]he jurisdiction of this board is established by filing of a notice of appeal in which the appellant specifies its reasons for appeal. As developed at hearing, the appellant now challenges the effectiveness of the Tax Commissioner's assessment and urges this board to find that D Cubed, Inc. was not properly served under R.C. 5739.13. This alleged error is not contained in the notice of appeal, which deprives this board from exercising jurisdiction over the sufficiency of the notice of assessment." Consequently, the Board dismissed the appeal.[1]
 {¶ 20} In light of the law governing jurisdiction over appellant's case, this Court finds that appellant's failure to properly raise its issues before the Board indeed deprived the Board of jurisdiction to consider the appeal. Appellant argues that the tax commissioner had no jurisdiction over it because he did not properly serve appellant concerning the assessment, and therefore it is irrelevant whether appellant properly objected in its appeal to the Board. In addition, appellant argues that it can raise a jurisdiction challenge at any time in the proceedings because subject-matter jurisdiction is never waived and is not waivable. Appellant's reasoning misapplies the law relevant to these issues.
 {¶ 21} Service of process issues are a matter of personal jurisdiction for cases before a court. See Hayes v. Gradisher (Oct. 30, 1996), 9th Dist. No. 17791. See, also, Lieux v. Forbush (May 31, 1995), 9th Dist. No. 94CA005976. Therefore, appellant's claim that it was not served concerning the assessment is a personal jurisdiction challenge. Moreover, appellant has a legal responsibility to follow proper procedure in filing its appeal, which includes providing specific objections in its notice of appeal. Appellant's claim that the tax commissioner did not properly serve it does not in any way negate appellant's duty to file objections in its appeal.
 {¶ 22} In conclusion, this Court finds that the Board properly dismissed appellant's appeal for lack of jurisdiction.
 III. {¶ 23} Accordingly, the judgment of the Board is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] Although the Board determined it lacked jurisdiction and dismissed the appeal, it nonetheless affirmed the tax commissioner's final determination and this was improper. After determining it lacked jurisdiction, the Board could not review the merits of the appeal. Regardless, this did not prejudice appellant as a dismissal would leave intact the tax commissioner's final determination, the same result.