Osborne Brothers Welding Supply, Inc., Appellant, *v.* Limbach, Tax Commr., Appellee.

[Cite as Osborne Bros. Welding Supply, Inc. *v.* Limbach (1988), 40 Ohio St. 3d 175.]

(No. 87-2022—Submitted November 2, 1988—Decided December 30, 1988.)

*Dworken & Bernstein Co., L.P.A., Patrick J. Perotti* and *Melvyn E. Resnick,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Barton A. Hubbard,* for appellee.

DOUGLAS, J. The question raised by this case is whether the charges at issue, levied by a supplier of industrial gas against customers who retain, beyond the free period, possession of a cylinder in which gas is stored, are subject, pursuant to R.C. 5739.02, to Ohio sales tax. For the following reasons, the question is answered in the affirmative.

Appellant makes three arguments why the application of the sales tax is inappropriate. First, appellant contends that the commissioner did not establish that the customer held the cylinders for use. The second assertion is that the assessed charges are exempt transportation charges pursuant to R.C. 5739.02(B)(11). Appellant's third assertion is that the cylinders were packaging, exempt under R.C. 5739.02(B)(15). We reject all three of

appellant's arguments — the first two for lack of merit and the third for lack of jurisdiction.

Appellant's first argument presupposes that the commissioner must show that the cylinders are held for use by the customer before a sales tax may be levied upon the charges assessed for retention of the cylinders beyond the free period. This is incorrect. R.C. 5739.02(B)(37) states in part: "* * * For the purpose of the proper administration of sections 5739.01 to 5739.31 of the Revised Code, and to prevent the evasion of the tax, it is presumed that all sales made in this state are subject to the tax until the contrary is established. * * *" In addition, "* * * laws relating to exemption from taxation are to be strictly construed, and one claiming exemption must affirmatively establish his right thereto." *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, 409, 47 O.O. 313, 314, 105 N.E. 2d 648, 650. Clearly, the commissioner's assessment is presumptively correct and it is the responsibility of appellant to prove otherwise.

With it firmly established that appellant must prove that the cylinders were *not* held for use by the customers, the record indicates that appellant has failed to do so. R.C. 5739.01 defines "sale" for purposes of the sales tax. It states in pertinent part:

"(B) 'Sale' and 'selling' include all of the following transactions for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever:

"(1) All transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is or is to be granted[.]"

Indeed, appellant's sales agreement with its customers tacitly admits that the transaction falls within the statutory definition of a sale. This agreement, entitled "Gas Shipper," outlines the responsibilities of buyers of gas with respect to the cylinders. It states that "[u]ntil such cylinders are returned, * * * [b]uyers shall be conclusively presumed to have possession or control of such cylinders." This provision satisfies the statutory requirement of a transfer of title or possession of tangible personal property.

It is appellant's contention that the assessed charges constitute a penalty for late return of the cylinders and, therefore, should not be considered a sale. In support of its position, appellant cites *Grabler Mfg. Co.* v. *Kosydar* (1973), 35 Ohio St. 2d 23, 64 O.O. 2d 14, 298 N.E. 2d 590. Paragraph one of the syllabus in *Grabler, supra,* states:

"Where a leasing contract provides that liquidated damages be paid in the event of a breach thereof and the property which is the subject of the lease is no longer used or available for use by the defaulting party, the monies paid as damages are not included within the meaning of 'sale' and 'selling,' as used in R.C. Chapter 5739.01, and 'price,' as used in R.C. 5739.02; hence they are not subject to the Ohio sales tax."

This court, in *Youngstown Sheet & Tube Co.* v. *Lindley* (1978), 56 Ohio St. 2d 303, 10 O.O. 3d 423, 383 N.E. 2d 903, was not persuaded that *Grabler, supra,* should control on a question of *demurrage* fees. Emphasizing the *Grabler* syllabus language that the property be no longer "used or available for use," the *Youngstown Sheet & Tube Co.* court held that *Grabler* did not apply because the demurrage charge was more than a charge for damages. The court found that the charge was paid in exchange

*for* the use of the property (railroad cars) which took the demurrage charge outside the *Grabler* syllabus language.

The assessed charges herein likewise do not come within the syllabus language of *Grabler*. The charges paid to appellant were in exchange for continued use and possession of cylinders beyond the free-use period. While appellant argued that, when empty, the cylinders were not available for use, no proof was offered that the cylinders were always empty at the end of the free-use period. If not empty, the cylinders certainly were available for use during the time the charges were assessed. Accordingly, we hold that the charges paid in exchange for the continued use and possession of the cylinders are properly subject to sales tax pursuant to R.C. 5739.02.

Appellant next claims that the assessed charges are exempt from taxation pursuant to R.C. 5739.02(B)(11), which states:

"The tax does not apply to the following:

"* * *

"(11) The transportation of persons or property[.]"

In support of its position, appellant cites *Youngstown Sheet & Tube Co., supra,* which, at first glance, appears to be supportive and dispositive. The *Youngstown Sheet & Tube Co.* syllabus states:

"Demurrage charges are costs arising out of the 'transportation of persons or property' and are, therefore, excepted from sales and use taxes pursuant to R.C. 5739.02(B)(11)."

Therefore, appellant argues, even though these "demurrage" charges would be taxable, they are exempt transportation charges pursuant to R.C. 5739.02(B)(11) and *Youngstown Sheet & Tube Co., supra.*

On closer inspection, the charges assessed herein are sufficiently different from those in *Youngstown Sheet & Tube Co.* to lead to the conclusion that the transportation exemption does not apply and that the charges are subject to sales tax. In *Youngstown Sheet & Tube Co.*, the *demurrage* charges were assessed on the retention of rail cars used to transport goods. This court held that the longstanding federal regulation of railroads and federal treatment of railway demurrage charges as transportation costs justified exempting the fees from the sales tax. The case before us today does not deserve the same treatment.

"Demurrage" is defined in Encyclopedia of International Commerce (1985) 69, as follows:

"Charges payable by a shipper or consignee to a carrier for failing to unload, release, or otherwise return to service the carrier's equipment within a prescribed period of time. The amount of *freetime* allowed to load, unload, or return the equipment and the rate of charges are specified in the carrier's tariff or the contract of carriage.

"In the vessel charter agreements, *demurrage* is a penalty payable to the owner of the ship by the charterer for failing to complete loading or unloading within the time specified in the charter party." (Emphasis *sic.*)

Thus, demurrage refers to charges payable by a shipper or consignee to a carrier.[2] Osborne is not a carrier, nor are its customers consignees. The extra charges Osborne receives when the customer retains the cylinder past the

---

[2] Similar or supportive definitions are contained in Black's Law Dictionary (5 Ed. 1979) 389, and Webster's Third New International Dictionary (1986) 601.

178

free period do not fall within the technical definition of "demurrage." It would be incorrect to equate the cylinders with a railway freight car. The cylinder is not the method of transporting the industrial gas; it is merely the container in which the purchased gas is placed. Therefore, the extra charges for retaining the tank beyond the free-use period are not exempt transportation charges pursuant to R.C. 5739.02(B)(11).

Appellant's final argument is that these transactions should not be taxed because they fall within the packaging exemption, pursuant to R.C. 5739.02 (B)(15). Though appellant's interpretation of the statute is of doubtful validity, we withhold any final determination of this issue because this court lacks jurisdiction to hear it. In its notice of appeal to the BTA, appellant did not specifically assign as error the failure of the Tax Commissioner to exempt the transactions at issue pursuant to the packaging exemption. Consequently, no reviewing court, including this one, has jurisdiction to hear this error, for it must be specifically assigned in the notice of appeal. *Moraine Hts. Baptist Church* v. *Kinney* (1984), 12 Ohio St. 3d 134, 138, 12 OBR 174, 178, 465 N.E. 2d 1281, 1284; *Gochneaur* v. *Kosydar* (1976), 46 Ohio St. 2d 59, 75 O.O. 2d 142, 346 N.E. 2d 320.

In conclusion, we do not find appellant's other arguments persuasive and, therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

SWEENEY, LOCHER and H. BROWN, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. I simply cannot agree with the majority's conclusion that Osborne's practice of charging a fee for the late return of empty gas cylinders constitutes a "sale" within the meaning of R.C. 5739.01(B). Accordingly, I dissent.

In my view the law which controls this case is set forth in the syllabus of *Grabler Mfg. Co.* v. *Kosydar* (1973), 35 Ohio St. 2d 23, 64 O.O. 2d 14, 298 N.E. 2d 590:

"Where a leasing contract provides that liquidated damages be paid in the event of a breach thereof and the property which is the subject of the lease is no longer used or available for use by the defaulting party, the monies paid as damages are not included within the meaning of 'sale' and 'selling,' as used in R.C. Chapter 5739.01, and 'price,' as used in R.C. 5739.02; hence they are not subject to the Ohio sales tax."

The majority relies on *Youngstown Sheet & Tube Co.* v. *Lindley* (1978), 56 Ohio St. 2d 303, 10 O.O. 3d 423, 383 N.E. 2d 903, which distinguished *Grabler* and held that demurrage charges are generally subject to Ohio sales and use taxes, though the particular charges at issue were excepted from tax under R.C. 5739.01(B)(11). The *Youngstown Sheet & Tube Co.* court held that demurrage charges are not merely damages, and that "[b]ecause * * * [the taxpayer's] demurrage costs are paid in exchange for the use of something, they fall within the purview of Ohio's use and sales tax provision." *Id.* at 307, 10 O.O. 3d at 425, 383 N.E. 2d at 905.

As is evident from the record, the facts at issue in this case differ in several respects from those in *Youngstown Sheet & Tube Co.* First, the Tax Commissioner *proved,* in testimony before the board, that the railroad cars at issue in *Youngstown Sheet & Tube*

*Co.* were at times used beyond the free period as temporary warehouses once empty. In the instant case there is no evidence to suggest that the cylinders were of any use to Osborne's customers once the gas had been removed. Second, since empty railroad cars are reusable, the *Youngstown Sheet & Tube Co.* court correctly held that the demurrage charges were to secure compensation for that use, in addition to encouraging prompt return of the empty cars. I might add that the charges here were not "demurrage" in the strict sense of that word. They were "late charges," a term with which everyone is acquainted (including this writer) save one — the Tax Commissioner. I would stress that the sole purpose for the charges in the instant case is to compel return of the empty cylinders at the end of the free period.

Recognition of these two related distinctions compels the conclusion that *Youngstown Sheet & Tube Co.* is inapposite here. The charges assessed by Osborne are liquidated damages in the nature of a penalty, late charges if you will, and are not compensation. Once the cylinders are empty they are "no longer used or available for use by" Osborne's customers. Thus the syllabus of *Grabler* clearly controls, and there is no "sale" within the meaning of R.C. 5739.01(B).

The majority deflects the importance of these points by discussing the burden of proof in tax cases and stating: "[N]o proof was offered that the cylinders were always empty at the end of the free-use period. If not empty, the cylinders certainly were available for use during the time the charges were assessed." To me, at least, this distinction is irrelevant for tax purposes, and ignores the sole purpose for the charges, which is *to compel the return of the cylinders*. The fact that gas may still be removed from the cylinders beyond the free period is immaterial, as that use, if indeed it is "using" the cylinder, has no relationship to the charges assessed. In my view, penalty charges for the late return of property are not compensation simply because the property may have some incidental or peripheral use by the delinquent party. The charge is on the *untimely return,* and *not on the use.*

Accordingly, I would hold that the charges assessed by Osborne on the retention of cylinders beyond the free-use period are not subject to Ohio sales tax. Thus, I would reverse the judgment of the court of appeals.

MOYER, C.J., and HOLMES, J., concur in the foregoing dissenting opinion.