SNIDER, AUDITOR, ET AL., APPELLANTS, *v.* LIMBACH, TAX COMMR., ET AL., APPELLEES.

[Cite as Snider *v.* Limbach (1989), 44 Ohio St. 3d 200.]

(No. 88-451—Submitted June 6, 1989—Decided August 9, 1989.)

*Kelley, McCann & Livingstone, Fred J. Livingstone, Mark J. Valponi, Daniel S. Strouse* and *Walter C. Kelley,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee Tax Commissioner.

*Squire, Sanders & Dempsey, Eben G. Crawford* and *William H. Lutz,* for appellee Cleveland Electric Illuminating Co.

*Per Curiam.* The General Assembly has granted "* * * the exclusive power to value and assess public utility property to the Tax Commissioner." *Toledo Edison Co.* v. *Galvin* (1974), 38 Ohio St. 2d 210, 212, 67 O.O. 2d 230, 231, 311 N.E. 2d 897, 898. In determining the value of the taxable property of a public utility, the commissioner is guided by information contained in the utility's report and such other evidence and rules that will enable her to arrive at true value. R.C. 5727.10.

In *Hatchadorian* v. *Lindley* (1986), 21 Ohio St. 3d 66, 21 OBR 365, 488 N.E. 2d 145 (*"Hatchadorian II"*), paragraphs one and two of the syllabus, we held:

"1. The Tax Commissioner's findings are presumptively valid, absent a demonstration that those findings are clearly unreasonable or unlawful.

"2. When no competent and probative evidence is developed before the Board of Tax Appeals to show that the Tax Commissioner's determination of the value of property is factually incorrect, it is error for the board to reverse that determination."

We further stated, at 71, 21 OBR at 369, 488 N.E. 2d at 149, that when the commissioner's valuation is appealed to the BTA, the appellant has the burden to prove that the commissioner's valuation does not accurately reflect true value. Since, in *Hatchadorian II,* no evidence was offered to establish a more accurate value or to show the manner and extent of the claimed error, we reversed the BTA's finding that rejected the same valuation method in issue today.

Moreover, it is impractical for the commissioner to personally value all personal property in Ohio; thus, she may resort to a predetermined formula to ascertain value. *W.L. Harper Co.* v. *Peck* (1954), 161 Ohio St. 300, 53 O.O. 178, 118 N.E. 2d 643. However, the formula must be adjusted when special or unusual circumstances or conditions of use exist or when evidence shows that rigid application would be inappropriate. *Monsanto Co.* v. *Lindley* (1978), 56 Ohio St. 2d 59, 62, 10 O.O. 3d 113, 114, 381 N.E. 2d 939, 941. The burden to show that the commis-

sioner's formula does not ascertain true value is met only if the appellant "* * * introduces competent evidence of probative value of the personal property's true value in money." *Alcoa v. Kosydar* (1978), 54 Ohio St. 2d 477, 481, 8 O.O. 3d 459, 462, 377 N.E. 2d 785, 788.

The auditors assert that they have met this burden. The BTA, on the other hand, found that the auditors had not shown that the commissioner's value findings were factually incorrect. The BTA is granted great latitude in determining the weight to be given evidence and the credibility of witnesses before it. It is not required to adopt the valuation fixed by any expert or witness. Value for tax purposes is a question of fact, and this finding is primarily within the province of the taxing authorities. This court will not disturb such a decision unless it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraphs two, three, and four of the syllabus.

We are unable to conclude that the BTA's decision is unreasonable or unlawful. The BTA discussed its reservations regarding each witness's analysis and how it affected their respective opinions. The BTA declared that the evidentiary defects could not be corrected mathematically, but went to the heart of the reliability, credibility, and veracity of each opinion. Thereafter, the BTA observed that it was uncomfortable accepting any of the estimations as fact.

Since it does not affirmatively appear from the record that the BTA's decision is unreasonable or unlawful, it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.