CLEVELAND TRINIDAD PAVING COMPANY, APPELLANT, *v.*
LIMBACH, TAX COMMR., APPELLEE.

[Cite as Cleveland Trinidad Paving Co. *v.* Limbach (1990),
52 Ohio St. 3d 101.]

(No. 89-1143—Submitted April 4, 1990—Decided June 27, 1990.)

*Burke, Haber & Berick Co., L.P.A., Robert S. Stone* and *Mary Davis,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

*Per Curiam.* Cleveland Trinidad's chief argument is that, by recycling asphalt concrete containing liquid asphalt, it need not purchase as much liquid asphalt and, thus, a like amount of liquid asphalt is available for someone else to use as energy. The commissioner responds that, to be certified, the equipment must convert solid waste into energy and that Cleveland Trinidad's equipment converts solid waste, instead, into paving material. Since we agree with the commissioner, we affirm the BTA's decision.

If the commissioner issues a solid waste energy conversion certificate, under R.C. 5709.50 the property purchased and incorporated into the facility is not a transaction for the sales or use tax, is not an improvement to land for the real property tax, is not used in business for the personal property tax, and is not a corporate asset for the franchise tax.

According to R.C. 5709.46, when Cleveland Trinidad applied for a certificate the commissioner was to obtain a written opinion regarding the application from the Director of the Department of Energy (now from the Director of Development). The director had to state whether the applicant's estimate of solid waste consumption and energy production in the application was likely to be realized. "* * * If the commissioner * * * finds that the proposed facility was designed primarily for * * * solid waste energy conversion * * *, is suitable and reasonably adequate for such purpose, and is intended for such purpose, [s]he shall enter a finding to that effect and issue a certificate. * * *"

R.C. 5709.45(F) defines "solid waste energy conversion" as:

"* * * [T]he conversion of solid waste into energy and the utilization of such energy for some useful purpose."

According to *Marietta Coal Co.* v. *Lindley* (1983), 6 Ohio St. 3d 6, 8, 6 OBR 5, 7, 450 N.E. 2d 1164, 1167, an applicant for a certificate conferring tax exemption must prove that the property in question satisfies each requirement of the exempting statute. Thus, Cleveland Trinidad must establish that the disputed facility is designed primarily for solid waste energy conversion, is suitable and reasonably adequate for such purpose, and is intended for solid waste energy conversion. Furthermore, under *Timken Co.* v. *Lindley* (1980), 64 Ohio St. 2d 224, 227, 18 O.O. 3d 430, 432, 416 N.E. 2d 592, 595, "* * * laws relating to exemption from taxation *pro tanto* violate the constitutional requirement of tax uniformity, [and] such laws must be construed most strongly against the exemption."

R.C. 5709.45(F) defines "solid waste energy conversion" to mean converting solid waste into energy and using such energy for some useful purpose. R.C. 5709.46 requires the applicant and the appropriate state official to estimate the facility's solid waste

consumption capacity and its energy output. The statutes thus require an active converting of solid waste into useful and used energy.

Cleveland Trinidad, on the other hand, converts solid waste into a manufacturing ingredient. Its process conserves an element that otherwise may be used as an energy source. As the commissioner argues, converting solid waste into a material so as to conserve an energy source is not converting solid waste into energy. Cleveland Trinidad's equipment does not convert solid waste into energy and, thus, does not qualify for the certificate.

Cleveland Trinidad also asserts that insufficient evidence supported the commissioner's decision and that she merely ratified the opinion of the Department of Energy's specialist. However, the commissioner's findings are presumptively valid and, on appeal to the BTA, the applicant has the burden to prove that her determination is incorrect. *Alcan Aluminum Corp.* v. *Limbach* (1989), 42 Ohio St. 3d 121, 123, 537 N.E. 2d 1302, 1304. Cleveland Trinidad has failed in this burden.

Next, Cleveland Trinidad argues that the BTA improperly excluded expert testimony on whether Cleveland Trinidad converted solid waste into energy. But the expert witness, on cross-examination, admitted that he was unqualified to answer whether asphalt concrete, the product of Cleveland Trinidad's process, was energy. Thus, the witness could not have answered the question capably, and the BTA properly excluded his testimony.

Finally, Cleveland Trinidad states that the commissioner may not assess penalties and interest against it. However, as the commissioner notes, this case involves the application for a certificate. The commissioner did not levy an assessment, a penalty, or any interest against Cleveland Trinidad. Moreover, Cleveland Trinidad did not assert this as error in its notice of appeal to the BTA. Consequently, the case does not present this issue, nor would we be able to consider the issue if the case did. *Osborne Bros. Welding Supply, Inc.* v. *Limbach* (1988), 40 Ohio St. 3d 175, 178, 532 N.E. 2d 739, 742.

Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.