BANBURY VILLAGE, INC., APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as Banbury Village, Inc. *v.* Cuyahoga Cty. Bd. of Revision (1990), 53 Ohio St. 3d 251.]

(No. 89-855—Submitted May 17, 1990— Decided September 12, 1990.)

252

*Fred Siegel Co., L.P.A., Fred Siegel, Karen Bauernschmidt* and *Todd W. Sleggs,* for appellant.

*John T. Corrigan,* prosecuting attorney, and *Timothy J. Kollin,* for appellees Cuyahoga County Board of Revision and Auditor.

*Armstrong, Gordon, Mitchell & Damiani, Timothy J. Armstrong, Michael L. Gordon* and *Roy F. Hogan,* for appellee Warrensville Heights Board of Education.

*Per Curiam.* Appellant alleges that the BTA's decision was unreasonable and unlawful because it was not based upon the highest and best use of the subject property, because the BTA's valuation was based upon actual sales of other property, and because appellant's constitutional rights were not protected.

Appellees argue that the decision of the BTA is supported by substantial probative evidence and is reasonable and lawful, and that appellant's constitutional rights have not been violated. We agree.

The BTA's determination of true value is a question of fact and will not be disturbed by this court except upon an affirmative showing that the decision is unreasonable or unlawful. *Bd. of Revision of Cuyahoga Cty.* v. *Fodor* (1968), 15 Ohio St. 2d 52, 44 O.O. 2d 30, 239 N.E. 2d 25. We will not substitute our judgment for that of the BTA on factual issues, *Buckeye Power, Inc.* v. *Kosydar* (1973), 35 Ohio St. 2d 137, 64 O.O. 2d 82, 298 N.E. 2d 610, and we will not overrule its findings of fact if based upon sufficient probative evidence. *Hawthorn Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257.

Moreover, the BTA is not required to adopt the opinion of any expert but has the authority to determine the facts. *Snider* v. *Limbach* (1989), 44 Ohio St. 3d 200, 542 N.E. 2d 647.

Although the only testimony presented to the BTA was that of appellant's appraiser, it was not necessary for the BTA to accept his approach to value or to agree with his suggested valuation. Appellant's expert witness admitted on cross-examination that he had not relied on sales of units by owners other than appellant within Banbury Village and that he had not attempted to independently appraise any of the separate units. Rather, Van Curen developed total value from the application of his capitalization rate to income received and expenses incurred. He then divided this amount by the number of condominium townhouse units owned by appellant. The result, $13,714, was less than the original sale price of units, which ranged from $18,000 to $22,000. This, according to Van Curen, was an additional indication of the decline in value of the subject property.

The BTA, on the other hand, received evidence of deeds reflecting sale prices between $19,500 and $26,000 per unit. There is no suggestion that the sale prices shown in the deeds related to anything other than arm's-length transactions. During the evidentiary hearing before the BTA, appellant objected to the admission of the latest three of the deeds on the basis that they were for sales too remote in time from tax lien date, January 1, 1985. Without deciding whether these three transactions occurred within a reasonable time of tax lien date we find that all six deeds constitute some evidence of the true value of the subject property.

Appellant's constitutional arguments based upon uniformity of taxation, due process, and the equal protection of the laws are not persuasive.

First, as to uniformity of taxation, the BTA's determination of true value was in compliance with Section 2, Article XII of the Ohio Constitution and R.C. 5713.01. *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 25 O.O. 2d 432, 195 N.E. 2d 908.

Next, appellant's argument that its property was taken without due process on the contention that the BTA's assessment was "arbitrarily made and grossly excessive" as ad-

vanced in *Great Northern Ry.* v. *Weeks* (1936), 297 U.S. 135, fails because the facts here are easily distinguishable. The BTA's determination was neither arbitarily made nor grossly excessive.

Finally, there is no factual or decisional support for appellant's claim of denial of equal protection of the law under the Constitution of the United States. The United States Supreme Court, in *Allied Stores of Ohio* v. *Bowers* (1959), 358 U.S. 522, 527, stated:

"* * * [The state] is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value. * * * [Citations omitted.] 'To hold otherwise would be to subject the essential taxing power of the State to an intolerable supervision, hostile to the basic principles of our Government and wholly beyond the protection which the general clause of the Fourteenth Amendment was intended to assure.' *Ohio Oil Co.* v. *Conway* * * * [1930], 281 U.S. [146], at 159." See, also, *Meyer* v. *Cuyahoga Cty. Bd. of Revision* (1979), 58 Ohio St. 2d 328, 335, 12 O.O. 3d 305, 309, 390 N.E. 2d 796, 800.

We find no violation of appellant's constitutional rights and we find that the decision of the BTA is supported by substantial probative evidence, is reasonable and lawful and it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.