CLEVELAND-CLIFFS IRON COMPANY, APPELLANT,
*v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Cleveland–Cliffs Iron Co. v. Limbach*
(1991), 61 Ohio St.3d 349.]

(No. 90–1551—Submitted May 2, 1991—Decided August 14, 1991.)

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.,* for appellant.

*Lee I. Fisher,* Attorney General, and *Richard C. Farrin,* for appellee.

*Per Curiam.* The Tax Commissioner contends that the operating agreement is determinative and under it the furnishing of services and parts to Cliffs constituted taxable sales. The BTA was persuaded by the commissioner's counsel that the terms of the operating agreement required no explanation and, under the best evidence rule and the parol evidence rule, sustained objections to the introduction of such testimony. The decision of the BTA was neither unreasonable nor unlawful and we affirm.

R.C. 5739.01(B) defines "sale" as:

" 'Sale' and 'selling' include all of the following transactions for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever:

"(1) All transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is or is to be granted;

" * * *

"(3) All transactions by which:

"(a) An item of tangible personal property is or is to be repaired * * *;

"(b) An item of tangible personal property is or is to be installed * * * [.]"

The operating agreement discloses that Cliffs lacked expertise in piloting, servicing, and maintaining the airplane, and that Republic had operated its hangar and three airplanes and employed the necessary personnel to pilot and maintain the airplanes. In the recitals to the agreement and, in specific terms, the parties agreed: "Republic is willing to have its qualified personnel perform those services on behalf of and at the direction of Cliffs." Republic performed those services and "[a]s consideration for the services * * * Republic * * * [billed] Cliffs and Cliffs * * * [paid] Republic." The transactions were taxable sales. Nothing in the agreement suggests that the agreement created a joint venture and, in fact, the agreement did not employ this term. The BTA essentially found that Republic was the vendor of property and services provided to Cliffs. This finding, and its finding that no joint venture was established, were not unreasonable or unlawful.

Cliffs also argues that the transactions in question were not sales because they were made by "loaned servants." Without deciding the merits of that issue, this court lacks jurisdiction to consider it because it was not set forth in the notice of appeal to the BTA. Cliffs' specifications of error do not include "loaned servants." That concept is not so obscure as to defy identification and Cliffs' failure to so specify puts the issue beyond the jurisdiction of this court. *Osborne Bros. Welding Supply, Inc. v. Limbach* (1988), 40 Ohio St.3d 175, 532 N.E.2d 739.

The final issue properly presented is whether the BTA erred in relying upon the best evidence rule or the parol evidence rule to exclude testimony. The operating agreement defined the scope of the transactions performed and was the basis on which the parties conducted their affairs during the audit period. Since the operating agreement appears to be unambiguous, no need exists for explanation or qualification by oral testimony.

The decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.