BUCKEYE INTERNATIONAL, INC., APPELLANT,

*v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Buckeye Internatl., Inc. v. Limbach*
(1992), 64 Ohio St.3d 264.]

(No. 91–1541—Submitted May 5, 1992—Decided August 5, 1992.)

*Vorys, Sater, Seymour & Pease, Raymond D. Anderson, Anker M. Bell* and *Eric A. Pierce,* for appellant.

*Lee I. Fisher,* Attorney General, and *James C. Sauer,* for appellee.

*Per Curiam.* Two issues are presented for review. We address them separately.

## I

### The Allocation Issue

Buckeye argues that APB 16 does not fairly value its property and that the property should be valued based on its depreciated book value. The commissioner responds that her valuation comports with case law.

According to *Tele–Media Co. of Addil v. Lindley* (1982), 70 Ohio St.2d 284, 24 O.O.3d 367, 436 N.E.2d 1362, syllabus:

"The best evidence of the 'true value in money' of tangible personal property is the proper allocation of the purchase price of an actual, recent sale of the property in an arm's-length transaction. (*Conalco, Inc. v. Monroe Cty. Bd. of Revision* [1977], 50 Ohio St.2d 129 [4 O.O.3d 309, 363 N.E.2d 722], approved and followed.)"

Thus, if the sale is arm's length, actual and recent, and the purchase price is properly allocated, the BTA may adopt the allocation as the true value.

Buckeye's witnesses admitted that the transaction was arm's length. The arm's-length nature of the sale was a precondition for Worthington Industries' application of APB 16. The sale was actual and recent since it occurred one year prior to the valuation date. Finally, Buckeye admitted that the allocation was proper since it reported the sale on this basis to its shareholders in its annual report. Thus, the BTA reasonably and lawfully valued the property.

However, Buckeye contends that neither we nor the BTA has approved the application of APB 16 in prior cases. Indeed, the BTA rejected, until this case, all previous applications of APB 16. However, the BTA did find a proper allocation in this case, and it has wide latitude to so find in valuation matters. *Snider v. Limbach* (1989), 44 Ohio St.3d 200, 202, 542 N.E.2d 647, 649.

It is significant that Buckeye presented no evidence (other than historic book values) of value to contradict the allocation it made under APB 16 and which it publicly represented to its shareholders. This failure is significant when we consider whether the BTA's decision is supported by the evidence. Book values may have little relation to current values. Apparently, Old Buckeye did have appraisals made shortly before the purchase. Thus, Buckeye presumably could have produced evidence of the value of the personal property in question had it chosen to do so.

- Buckeye also contends that requiring it, a publicly traded company, to value its property under APB 16, while privately held companies may ignore APB 16 and value their property based on depreciated book value, denies Buckeye equal protection.

Under *Allegheny Pittsburgh Coal Co. v. Cty. Comm. of Webster Cty.* (1989), 488 U.S. 336, 343, 109 S.Ct. 633, 637, 102 L.Ed.2d 688, 697, "[t]he Equal Protection Clause 'applies only to taxation which in fact bears unequally on persons or property of the same class,'" quoting *Charleston Fed. S. & L. Assn. v. Alderson* (1945), 324 U.S. 182, 190, 65 S.Ct. 624, 629, 89 L.Ed. 857, 863. However, Buckeye presented no evidence to "in fact" prove this treatment. Thus, Buckeye has not met its evidentiary burden. *Bank One Dayton, N.A. v. Limbach* (1990), 50 Ohio St.3d 163, 172, 553 N.E.2d 624, 632. Moreover, we have not held that Buckeye, or any other taxpayer, is *bound* by APB 16 valuations. Our holding is simply that the APB 16 valuations are probative and competent evidence. A taxpayer may challenge such valuations. *Snider v. Limbach, supra,* 44 Ohio St.3d at 201–202, 542 N.E.2d at 649. The decision of the BTA would then be reviewed to determine whether it was reasonable and lawful.

## II

### The Double–Counting Issue

Buckeye claims that the auditor double counted personal property additions and included exempt property as a part of the excess amount allocated to personal property. The commissioner maintains that Buckeye did not raise this error in its notice of appeal to the BTA. The commissioner also argues that Buckeye failed to establish the extent of that double counting.

Failure to include errors in the notice of appeal to the BTA results in the BTA's lack of jurisdiction over the errors and the court's inability to review such errors. *Osborne Brothers Welding Supply, Inc. v. Limbach* (1988), 40 Ohio St.3d 175, 178, 532 N.E.2d 739, 742. In response, Buckeye contends that paragraphs one, six, and seven of its notice of appeal did notify the BTA of these errors. Paragraph one states:

"(1) The commissioner erred in failing to follow the general requirement of R.C. 5711.18 that in valuing 'personal property used in business, the book value thereof less book depreciation at such time shall be listed, and such depreciated book value shall be taken as the true value of such property.' "

In *Manfredi Motor Transit Co. v. Limbach* (1988), 35 Ohio St.3d 73, 77, 518 N.E.2d 936, 940–941, we concluded that the theory stated in the notice of appeal was so distinct from the theory argued in the taxpayer's brief that the taxpayer should have specifically stated the latter theory in the notice of appeal. However, in *Goodyear Tire & Rubber Co. v. Limbach* (1991), 61 Ohio St.3d 381, 383, 575 N.E.2d 146, 147, we concluded that the taxpayer could assert an alternative argument since it specified the commissioner's action that it questioned, cited the statute under which it objected, and asserted the treatment it believed the commissioner should have applied to the income.

In this case, the claim of double counting relates to the value of the property mentioned in paragraph one of the notice. The commissioner's auditor admitted that double counting property would be contrary to statute. We conclude that Buckeye has raised an alternative argument similar to *Goodyear,* rather than a distinct, separate objection as in *Manfredi.* In resolving questions regarding the effectiveness of a notice of appeal, we are not disposed to deny review by a hypertechnical reading of the notice. *Abex Corp. v. Kosydar* (1973), 35 Ohio St.2d 13, 17, 64 O.O.2d 8, 10, 298 N.E.2d 584, 587. Accordingly, we find that Buckeye has raised the issue of double counting. Furthermore, Buckeye has presented evidence indicating that the commissioner did double count property additions. The BTA should not have ignored it. We direct the BTA to analyze the evidence and decide whether Buckeye has established a double counting of property and the amount attributable thereto.

Finally, Buckeye argues that the commissioner included exempt property in the value.[1] Buckeye failed to quantify the amounts of exempt property allegedly included in the excess purchase price attributable to its property, and we allow that portion of the BTA decision to stand.

Accordingly, we affirm the portion of the BTA's decision that finds the allocated purchase price to be the value of the personal property and remand this matter to the BTA for it to determine whether the commissioner double counted personal property and the consequence thereof.

*Decision affirmed in part,*
*reversed in part*
*and cause remanded.*

---

1. Buckeye also asserted a due process violation but did not brief that argument.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurs in judgment only.