OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Cleveland Board of Education, Appellee, v. Cuyahoga County
Board of Revision et al; EOB Group Trust C, Appellant.
[Cite as Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision
(1994),      Ohio St.3d      .]
Taxation -- Real property valuation -- Determination of true
     value by Board of Tax Appeals not disturbed by court when
     supported by substantial probative evidence.
     (No. 93-175 -- Submitted November 12, 1993 -- Decided
August 24, 1994.)
     Appeal from the Board of Tax Appeals, Nos. 90-K-102 and
90-K-103.
     On December 11, 1986 appellant, EOB Group Trust C ("EOB"),
purchased the East Ohio Building, a twenty-one story office
building built in 1958-1960 and located at 1717 E. Ninth Street
Cleveland, with an attached eight and one-half story garage
containing five hundred forty parking spaces, for $30,750,000.
Immediately after the sale, EOB paid $2,798,224 for upgrades
and repairs of the building, which were completed on or before
tax lien date, January 1, 1988.
     EOB leases approximately one-third of the 330,000 square
feet of floor space, under a twenty-five year lease with two
ten-year renewal periods, to East Ohio Gas Company.  East Ohio
Gas Company pays between $9.65 and $9.73 per square foot for
upper floor space and $15.48 for first floor retail space.  EOB
leases space to other tenants for between $17.50 per square
foot for upper floor office space and $25 per square foot for
first floor retail space.
     The Cuyahoga County Auditor assessed the property at a
true value of $31,430,020 for tax year 1988. EOB filed a
complaint as to value, and the Cuyahoga County Board of
Revision decreased the true value of the property to
$30,749,990.  The appellee, Cleveland Board of Education
("school board"), appealed the board of revision's
determination to the Board of Tax Appeals ("BTA"), ultimately
contending that the true value of the property was $37,000,000.
     At the BTA hearing, the school board submitted, among
other things, the appraisal testimony of Robert J. Kocinski, an
MAI appraiser who used the three standard appraisal methods:

cost approach, sales comparison approach and income approach. EOB did not present any appraisal evidence.

The BTA found that EOB's purchase of the property was an arm's-length sale and that "Kocinski's income approach to value is most reflective of the subject property's true value. Moreover, this amount is supported by the sale price of the subject property with some upward adjustment being warranted for the period between the sale date and the tax lien date, the upgrades and repairs actually made in this interim period, and the primary lessee's favorable long-term rental rate." The BTA concluded that the true value of the property was $34,600,000, the value estimated in Kocinski's income approach.

The cause is now before this court upon an appeal as of right.

Armstrong, Mitchell & Damiani, Deborah J. Papushak and Timothy J. Armstrong, for appellee.

Arter & Hadden, Jacob I. Rosenbaum and Karen H. Bauernschmidt, for appellant.

Per Curiam. For the reasons that follow, we affirm the decision of the BTA.

EOB contends that the BTA erred in rejecting a recent arm's-length sale of the property and, instead, relied on an appraisal using the income approach to valuation; that the BTA's decision did not specify what adjustments were made from the sales price; and that the BTA's decision did not explain the basis for its true value conclusion. We disagree.

The determination of true value or fair market value of property for tax purposes is a question of fact which is primarily within the province of the taxing authorities. N. Olmsted Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision (1990), 54 Ohio St.3d 98, 99, 561 N.E. 2d 915, 917. As we said in R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision (1988), 38 Ohio St.3d 198, 201, 527 N.E. 2d 874, 877: " * * * [The BTA] has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed only when it affirmatively appears from the record that such decision is unreasonable or unlawful."

Here, the BTA analyzed Kocinski's appraisal testimony, considered his three approaches to valuation, and found that the true value of the subject property was $34,600,000. The BTA, in adopting Kocinski's income approach to value, took into consideration the arm's-length sale of the property on December 11, 1986; the passage of time until tax lien date, January 1, 1988; the upgrades and repairs made immediately after the sale and completed or in process prior to tax lien date; and the primary lessee's favorable long-term rental rates. The BTA decision is a textbook example of a reasoned decision on the true value of property.

Moreover, under Banbury Village, Inc. v. Cuyahoga Cty. Bd. of Revision (1990), 53 Ohio St.3d 251, 559 N.E.2d 1356, we reject EOB's contention that the BTA violated EOB's constitutional protections by abusing the BTA's discretion and violating the Constitution of the United States and the Ohio Constitution.

We conclude, as we did in Banbury:

"We find no violation of appellant's constitutional rights and we find that the decision of the BTA is supported by substantial probative evidence, is reasonable and lawful and is hereby affirmed."  Id. at 254, 559 N.E.2d at 1358.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.