CLEVELAND BOARD OF EDUCATION, APPELLEE, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL; EOB GROUP TRUST C, APPELLANT.

[Cite as *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1994), 70 Ohio St.3d 73.]

(No. 93–175—Submitted November 12, 1993—Decided August 24, 1994.)

*Armstrong, Mitchell & Damiani, Deborah J. Papushak* and *Timothy J. Armstrong,* for appellee.

*Arter & Hadden, Jacob I. Rosenbaum* and *Karen H. Bauernschmidt,* for appellant.

*Per Curiam.* For the reasons that follow, we affirm the decision of the BTA.

EOB contends that the BTA erred in rejecting a recent arm's-length sale of the property and, instead, relied on an appraisal using the income approach to valuation; that the BTA's decision did not specify what adjustments were made from the sales price; and that the BTA's decision did not explain the basis for its true value conclusion. We disagree.

The determination of true value or fair market value of property for tax purposes is a question of fact which is primarily within the province of the taxing authorities. *N. Olmsted Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1990), 54 Ohio St.3d 98, 99, 561 N.E.2d 915, 917. As we said in *R.R.Z. Assoc. v. Cuyahoga*

*Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877: " * * * [The BTA] has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed * * * only when it affirmatively appears from the record that such decision is unreasonable or unlawful."

Here, the BTA analyzed Kocinski's appraisal testimony, considered his three approaches to valuation, and found that the true value of the subject property was $34,600,000. The BTA, in adopting Kocinski's income approach to value, took into consideration the arm's-length sale of the property on December 11, 1986; the passage of time until tax lien date, January 1, 1988; the upgrades and repairs made immediately after the sale and completed or in process prior to tax lien date; and the primary lessee's favorable long-term rental rates. The BTA decision is a textbook example of a reasoned decision on the true value of property.

Moreover, under *Banbury Village, Inc. v. Cuyahoga Cty. Bd. of Revision* (1990), 53 Ohio St.3d 251, 559 N.E.2d 1356, we reject EOB's contention that the BTA violated EOB's constitutional protections by abusing the BTA's discretion and violating the Constitution of the United States and the Ohio Constitution.

We conclude, as we did in *Banbury:*

"We find no violation of appellant's constitutional rights and we find that the decision of the BTA is supported by substantial probative evidence, is reasonable and lawful and it is hereby affirmed." *Id.* at 254, 559 N.E.2d at 1358.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.