This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 25, the record from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
Plaintiff-appellant Frank Culkar ("Culkar") owns a tract of land in defendant-appellee Village of Brooklyn Heights ("Brooklyn Heights"). Culkar wanted to build a mini-storage facility on his land but this plan was opposed by Brooklyn Heights. Plaintiff applied to Brooklyn Heights for variances of the local zoning code but was rejected each time by the city council. In November 1988, Culkar's variance application was rejected by the Zoning Board of Appeals. This time Culkar appealed the Board's decision to the Court of Common Pleas which subsequently reversed the Board's decision. Brooklyn Heights appealed this decision to this Court. We reversed the Court of Common Pleas holding it "abused its discretion when it reviewed the evidence presented by [Brooklyn]" and the "Board had before it credible, competent, substantial and probative evidence that `granting of the variances would be detrimental to the public health, safety, moral and general welfare of the village and injurious to the property in the neighborhood.'" Culkar v. Village of BrooklynHeights (July 2, 1992), Cuyahoga App. No. 60883, unreported.
Culkar then applied for a building permit without requesting a variance. On December 6, 1995, his application was denied by the Zoning Board of Appeals. Two years later, in December, 1997, Culkar discovered his land had been re-zoned, without notice, from "limited industrial" to "residential." Six months later Culkar filed a complaint against Brooklyn Heights pursuant to the Declaratory Judgment Act, R.C. 2721.01. He challenged the constitutional validity of the zoning codes and the specific applications of certain zoning codes to his land. On July 8, 1998, Brooklyn Heights filed a motion for an extension of time to respond to Culkar's complaint. The trial court granted this motion on July 21, 1998, giving Brooklyn Heights until August 15, 1998 to respond. On August 17, 1998, Brooklyn Heights responded by filing a motion to dismiss, arguing the trial court lacked jurisdiction over the subject matter because Culkar failed to serve the attorney general as required by R.C. 2721.12 and because the claims were barred by the doctrines of res judicata
and exhaustion of administrative remedies.
Two weeks later, on August 31, 1998, Culkar filed a motion for extension of time to respond to Brooklyn Heights' motion to dismiss. On September 9, 1998 the trial court issued a judgment entry stating Brooklyn Heights' motion to dismiss was granted because Culkar "failed to join as a party the attorney general as required in O.R.C. 2721.12" and "has failed to exhaust his administrative remedies."
As a result of this decision, Culkar timely filed his notice of appeal. He now presents four assignments of error, the first of which states as follows:
 THE TRIAL COURT ERRED IN FAILING TO CONSIDER PLAINTIFF'S RESPONSE TO MOTION TO DISMISS.
Brooklyn Heights served its motion to dismiss on August 17, 1998. According to Rule 11 (C) of the Cuyahoga County Court of Common Pleas, General Division, Culkar had seven days in which to "serve and file" his response. He received an additional three days with the application of Civ.R. 6 (A) and (E). Thus, Culkar had until August 27, 1998 to serve and file his response. Culkar served his motion for extension of time by mail on Wednesday, August 26, 1998. However, he did not file the motion until August 31, 1998. Culkar failed to file his motion within the proscribed time limits.
Culkar maintains he sent the motion by mail to the Clerk of Courts on August 26, 1998 and "[i]nexplicably the motion was not `filed' by the Clerk of Courts until August 31, 1998." Culkar blames the Clerk of Courts for the filing delay but claims the motion was timely filed according to Civ.R. 5 (D) which requires all papers required to be served on a party, be filed with the court within three days after service.
Culkar is mistaken in his application of Civ.R. 5 (D). This rule does not apply to the Clerk of Court; it applies to the parties participating in the action. Culkar was three days late in filing his motion for extension of time. As a result, the trial court did not err in denying Culkar's motion for extension of time. Accordingly, Culkar's first assignment of error is overruled.
Culkar's second assignment of error states as follows:
 THE TRIAL COURT ERRED IN DISMISSING THIS ACTION PURSUANT TO R.C. 2721.12 FOR FAILURE TO JOIN THE ATTORNEY GENERAL AS A PARTY.
Brooklyn Heights filed its motion to dismiss and served defendant with the motion on August 17, 1998. The basis of the motion was Culkar's failure to serve the Ohio Attorney General with a copy of the proceeding pursuant to R.C. 2721.12. Culkar did not request service on the Attorney General until September 9, 1998, the day the trial court issued its judgment entry dismissing the action because Culkar failed to serve the Attorney General. Culkar had knowledge of this jurisdictional defect for approximately three weeks, since approximately August 17, 1998, and did nothing to cure the defect until the trial court dismissed the action.
Culkar argues it is not a fatal defect to serve the Attorney General after a motion to dismiss has been filed and ruled upon by the trial court. He claims neither statute nor case law requires the Attorney General to be served at the time the action is filed.
R.C. 2721.12 was enacted to ensure the Attorney General is informed of attacks on the constitutionality of the laws of this state. Ohioans For Fair Representation, Inc. v. Taft (1993),67 Ohio St.3d 180, 184. In order to comply with this intent, this court has stated that the Attorney General should be served with "a copy of the complaint in time for him to determine whether the State's interest should be represented in such proceedings."Hydraulic Press Brick Co. v. City of Independence (1974), 38 Ohio App.2d 37. We held further that it is preferable to serve the Attorney General when the complaint is filed, but as long as the service "is made in sufficient time for that office to render a reasoned determination of whether to participate in the action" then R.C. 2721.12 is not contravened. Frederico v. City ofLyndhurst (Feb. 2, 1980), Cuyahoga App. No. 40388, unreported.
In the instant case, service was not ordered on the Attorney General's office until three weeks after the motion to dismiss was filed and more than three months since the complaint was filed. Moreover, Culkar waited until the day the court dismissed the action precisely because he failed to serve the Attorney General until he requested service on the Attorney General. As a result, we find Culkar did not give the Attorney General "sufficient time" to decide whether to respond to this action. Culkar's argument is not well-taken and his second assignment of error is overruled.
Culkar's third assignment of error states as follows:
 THE TRIAL COURT ERRED IN DISMISSING THIS ACTION WITH PREJUDICE FOR FAILURE TO JOIN THE ATTORNEY GENERAL AS A PARTY.
Culkar argues the trial court should not have dismissed this action with prejudice because it was jurisdictional and was a failure otherwise than upon the merits. We agree.
In Malloy v. City of Westlake (1997), 52 Ohio St.3d 103,106-107, the Ohio Supreme Court held the mandatory provisions of R.C.2721.12 are jurisdictional in nature. Civ.R. 41 (B) (4) clearly states: "[a] dismissal * * * for lack of jurisdiction over the person or subject matter, or for failure to join a party under Rule 19 or 19.1 shall operate as a failure otherwise than upon the merits." See also Thomas v. Freeman (1997), 70 Ohio St.3d 221,225. Accordingly, Culkar's third assignment of error is sustained.
Defendant's fourth assignment of error states:
 THE TRIAL COURT ERRED IN DISMISSING THIS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PURSUANT TO A MOTION UNDER O.R.CIV.P. 12 (b) (6).
In its decision the trial court granted Brooklyn Heights' motion to dismiss because "[Culkar] has failed to exhaust his administrative remedies." Culkar did not appeal the December, 1995 decision from the Zoning Board of Appeals which denied his request for a building permit. Instead he filed a declaratory judgment action. He did not exhaust his administrative remedies and he does not qualify under either of the exceptions to the doctrine of exhaustion of administrative remedies: (1) when no administrative remedy exists, or (2) when the administrative remedy is onerous or unusually expensive. Perrico PropertySystems v. Independence (1994), 96 Ohio App.3d 134. Based on the foregoing, the trial court did not err in granting Brooklyn Heights' motion to dismiss. Culkar's fourth assignment of error is overruled.
Judgment affirmed in part and reversed in part.
This cause is affirmed in part and reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________________ JOHN T. PATTON, JUDGE
 ___________________________________ JAMES D. SWEENEY, JUDGE
 ___________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE CONCURS IN PART AND DISSENTS IN PART.
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (1).